CUMMINS and others *v.* ROBERTSON, Collector.

*(Circuit Court, S. D. New York.  April 20, 1886.)*

CUSTOMS DUTIES—PROTEST—REV. ST. § 2931.

A protest, under section 2931, Rev. St., stating the rate of duty which imported merchandise should pay, and not specifying under what section, schedule, clause, or paragraph of the tariff act, or under what name in said act, the same is claimed to be dutiable, is invalid and insufficient, where there is more than one clause or paragraph in said act imposing the same rate of duty, and where the imported merchandise is not specifically designated in said act by the same name as that stated in the protest.

This was an action against William H. Robertson, collector of the port of New York, to recover an alleged excess of duties upon certain importations of bichromate of soda, made by the plaintiffs in the years 1884 and 1885.  The collector assessed the duty thereon at three cents per pound, under the provision for bichromate of potash contained in Schedule A of tariff act of March 3, 1883, (22 St. at Large, 488; section 2499, Rev. St.)

The plaintiffs protested under section 2931, Rev. St., as follows:

"We hereby protest against the liquidation of the duties as made by you upon our entry of bichromate of soda, per steam-ship Noordland, from Antwerp, dated December 27, 1884, and against the payment of the duties as assessed, demanded, and exacted by you thereon.  The grounds of our objection are that bichromate of soda should pay a duty of 25 per cent., not 3 cts. per lb., as assessed by you.  We also protest against the payment of any and all duties not legally chargeable upon said importation, and hereby especially reserve all questions of law or fact that may arise.  Being under compulsion and duress, we pay the amount of duties demanded and exacted by you in order to obtain possession of our goods, and hereby notify you that we shall hold yourself and the United States jointly and severally liable for the excess exacted, and also notify you that we intend this protest to apply to all future similar exactions.

"*Dated New York, February* 16, 1885."

The plaintiffs' attorneys, in opening the case, claimed that the imported merchandise was dutiable at 25 per cent. *ad valorem* as a chemical salt, under Schedule A of tariff act of March 3, 1883, under the provision for "all chemical compounds and salts, by whatever name known, and not specially enumerated or provided for in this act."  The case turned upon the sufficiency of the protest, on the objection of the defendant to its reception in evidence when offered at the trial by the plaintiffs.

The objections to the protest made by the defendant were: (1) That it does not comply with the requirements of section 2931, Rev. St., in that it does not set forth distinctly and specifically the grounds of the plaintiffs' objection to the duties levied on their merchandise by the collector. (2) It does not refer in terms to any tariff act, nor to any section, schedule, clause or paragraph of any tariff act, nor to the name of any article or merchandise of commerce, specially or generally, under which the plaintiffs claim the goods should be dutiable. (3) Bichromate of soda, *eo nomine*, is not specified in any tariff act. The protest does not state that bichromate of soda should pay a duty of 25 per cent. as a chemical compound, or chemical salt, (as now claimed by plaintiffs,) nor does it refer the collector in any manner to Schedule A of the tariff act of 1883. (4) Paragraphs (Heyl) 6, 29, 39, 87, 88, 92, 93, 124, 185, 206, 283, 384, 392, 398, 401, 407, 422, 427, 429, 455, 458, 459, 469, and 486 of the tariff act of 1883, each and all, impose a duty of 25 per cent. *ad valorem.* The protest does not point out to the collector under which of such paragraphs the plaintiffs claim their goods to be dutiable. (5) The invoices and entries throw no light upon, and furnish no guide to, the classification of the goods. The merchandise is mentioned therein simply as casks or barrels of bichromate of soda.

The United States district attorney quoted *Sadler* v. *Maxwell*, 3 Blatchf. 134, 135; *Davies* v. *Arthur*, 13 Blatchf. 34; 96 U. S. 148; also *Smith* v. *Schell*, *ante*, 648.

Plaintiffs' attorneys quoted *Frazee* v. *Moffitt*, 18 Fed. Rep. 584.

*Dudley J. Phelps* and *Edward Hartley*, for plaintiffs.

*Stephen A. Walker*, U. S. Dist. Atty., and *Henry C. Platt*, Asst. U. S. Dist. Atty., for defendant.

Coxe, J., (*orally.*) I am clearly of the opinion that this protest is insufficient. To hold it valid, the court, in my judgment, would have to disregard the plain language of the statute which requires the importer to point out distinctly and specifically the grounds of his objection. This protest does nothing of the kind. Bichromate of soda is a non-enumerated article, and no section of the statute is referred to under which the importer insists that the duty should be collected. The protest does not state that the importation is a chemical salt. The section of the tariff act of March 3, 1883, providing for an *ad valorem* duty of 25 per cent. upon "all chemical compounds and salts" is in no way alluded to. In short, there is nothing stated in the protest to aid the collector in making a correct classification. No guide is given him. He is simply referred to the statute, and requested to search through its manifold provisions for the purpose of proving himself in error. He is informed that he has made a mistake, and is told that he may find it if he examines the statute with sufficient diligence. The law relating to protests contemplates much more than this.

The case of *Frazee* v. *Moffitt*, 18 Fed. Rep. 584, is not an authority in point, for in that case there was but one section of the statute under which the liquidation could have been made, and, with that section and the protest before him, the collector could not have been misled. In the case at bar, on the contrary, there are a large number of clauses, stated by the district attorney to be about 24, which provide for an *ad valorem* duty of 25 per cent. There is nothing in the protest calling the attention of the collector to the one upon which the importer relied.

The objections to the admission of the protest are sustained.

The protest being excluded, the district attorney moved for a direction of a verdict for the defendant, which motion was granted by the court.