### *In re* AUSTIN *et al.*

#### (*Circuit Court, S. D. New York.* October 14, 1891.)

1. CUSTOMS DUTIES—SWEETENED CHOCOLATE.
    Sweetened chocolate, manufactured from crude cocoa, not being provided for *eo nomine* in the tariff act of October 1, 1890, *held* to be dutiable under paragraph 319 as "cocoa * * * manufactured," and not under paragraph 318 as "chocolate," it being specially excepted in the latter paragraph.
2. SAME—PROTEST BY IMPORTERS.
    Importers are confined to such grounds of objection to the payment of duties as are distinctly and specifically set forth in their protest or notice in writing to the collector, under section 14 of the act of June 10, 1890, entitled "An act to simplify the laws in relation to the collection of the revenues."

At Law.

The firm of Austin, Nichols & Co. imported and entered at the port of New York on November 3, 1890, certain "sweetened chocolate," upon which the collector levied and assessed duty at the rate of 50 per cent. *ad valorem,* as "chocolate confectionery," or assimilating thereto, under the provisions of paragraph 239 and section 5 of the tariff act of October 1, 1890. The importers protested, claiming: (1) That the merchandise was dutiable under paragraph 318, which reads as follows

"Chocolate, (other than chocolate confectionery and chocolate commercially known as ' sweetened chocolate,') two cents per pound." It was claimed by the importers that there was a mistake in the punctuation of this paragraph, and that the parenthesis was intended by congress to be placed after the word "confectionery," and not after the words "sweetened chocolate;" and that, by a proper repunctuation of said paragraph, "sweetened chocolate" should be included therein, and not excluded therefrom. (2) Or that said merchandise was dutiable under section 4 of the tariff act of October 1, 1890, at 20 per cent. *ad valorem,* as an "article manufactured in whole or in part, not provided for in this act." The importers' protest contained no claim that the merchandise was dutiable as "cocoa manufactured," under paragraph 319 of said act. On appeal from the decision of the collector by the importers to the board of United States general appraisers, the decision of the collector was reversed. The board of general appraisers held that there was an error in the punctuation of paragraph 318, as claimed by the importers, which they were authorized to correct, and, under such corrected punctuation, "sweetened chocolate" was included therein. Syn. Tr. Dec. 10,919, G. A. 414. The collector appealed from the decision of the board of general appraisers to this court, and the return of said board was filed on April 23, 1891. Additional testimony was thereafter taken, under order of the court, before one of said general appraisers, as an officer of the court, under the provisions of section 15 of said act of June 10, 1890, by which, among other things, it appeared that sweetened chocolate is manufactured from the cocoa beans, which are roasted, cracked, and the shells blown off, then crushed and put in a mixer, where the sugar and vanilla, or other flavor, is added. From this mixer it passes into another machine, where it is ground once more by large granite rollers. From this machine it passes into another one, containing five large granite rollers, for the purpose of making it as fine as possible. After it has passed through those different machines, it is put in form, cooled, wrapped, and packed. That the manufacture of unsweetened chocolate was by the same process, except that when the chocolate paste passes into the mixer the sugar is omitted. That cocoa, prepared to be made into a beverage, is made by grinding the crude cocoa in the same manner as in making chocolate, and pressing the oil or butter out. In the manufacture of chocolate, the butter is not extracted. Both chocolate and cocoa are made from the same raw material, *i. e.,* the cocoa bean. After the passage of the tariff act of October 1, 1890, in its present form, a joint resolution was introduced in congress, to change paragraph 318 as follows:

"Resolved, by the senate and house of representatives of the United States of America in congress assembled, that the act entitled ' An act to reduce the revenues and equalize the duties on imports, and for other purposes,' approved October 1, 1890, be, and the same is hereby, amended as follows: In paragraph 318 insert a parenthesis after the word 'confectionery,' and strike out the parenthesis after the word ' chocolate,' where it last occurs in the paragraph, so as to include in parentheses only the words ' other than chocolate confectionery.'"

This joint resolution passed the house of representatives, but failed to pass the senate.

*Edward Mitchell,* U. S. Atty., and *Henry C. Platt,* Asst. U. S. Atty. for the collector.

*W. Wickham Smith,* for importers.

LACOMBE, Circuit Judge, (*orally.*) "Crude cocoa" is on the free-list, (paragraph 542.) "Cocoa manufactured," which is a very comprehensive term, apparently, is contained in paragraph 319. Cocoa, according to the testimony here, is manufactured into a substance known as "prepared cocoa;" also into a substance known as "chocolate;" and of chocolate we have information here of two varieties, "chocolate confectionery" and "sweetened chocolate." As manufactured cocoa, all these articles—prepared cocoa, chocolate, and its varieties—would be included. "Cocoa prepared" is expressly provided for in paragraph 319. "Chocolate confectionery" is expressly provided for in paragraph 238. "Chocolate" itself, excepting the confectionery and the sweetened chocolate, is specially provided for in paragraph 318. I find no provision in the tariff act for "sweetened chocolate," except in a parenthetical phrase, where it is excepted in the enumeration of chocolate, and therefore I think it should be classified under "cocoa manufactured," as covered by paragraph 319. But the court further determines in this case that, inasmuch as it appears by the protest that the importers did not call the collector's attention to paragraph 319 as being the one under which their goods should be classified, they cannot avail themselves of the provisions of that paragraph in the appeal that they have taken from the collector's decision. *Davies* v. *Arthur,* 96 U. S. 148. The importers must recover, if at all, only upon the grounds stated in their protest. *Chung Yune* v. *Kelly,* 14 Fed. Rep. 639. The decision of the board of general appraisers in this case is therefore reversed.