## UNITED STATES v. CHARLES MORNINGSTAR & CO.

(Circuit Court of Appeals, Second Circuit. March 16, 1909.)

### No. 185 (4,964).

1. CUSTOMS DUTIES (§ 38*)—FREE LIST—MINERAL WAX—WORDS USED IN POPULAR SENSE.

The expression "wax, * * * mineral," in Tariff Act July 24, 1897, c. 11, § 2, Free List, par. 695, 30 Stat. 202 (U. S. Comp. St. 1901, p. 1689), must have been used in the popular sense of those words, inasmuch as the so-called mineral waxes are not waxes in the chemical sense.

[Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 38.*]

2. CUSTOMS DUTIES (§ 38*) — FREE LIST — "WAX, VEGETABLE OR MINERAL." — CARNAUBA WAX SUBSTITUTE.

Carnauba wax substitute, which is compounded of carnauba wax (vegetable wax) and paraffin (mineral wax), and which is to all appearance a waxy substance used for the same purpose as other waxes, is covered by the provision for "wax, vegetable or mineral," in Tariff Act July 24, 1897, c. 11, § 2, Free List, par. 695, 30 Stat. 202 (U. S. Comp. St. 1901, p. 1689).

[Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 38.*]

3. CUSTOMS DUTIES (§ 38*) — CONSTRUCTION—ARTICLE COMPOSED OF TWO ENUMERATED SUBSTANCES—"WAX, VEGETABLE OR MINERAL."

A compound article may be classified under a tariff provision separately enumerating the substances of which it is compounded, as carnauba wax substitute, composed of a vegetable and a mineral wax, is classifiable under a provision for "wax, vegetable or mineral."

[Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 38.*]

Appeal from the Circuit Court of the United States for the Southern District of New York.

This cause comes here upon appeal from a decision of the Circuit Court, affirming a decision of the Board of General Appraisers (G. A. 6,609; T. D. 28,220), which reversed a decision of the collector, classifying the merchandise in suit as a nonenumerated manufacture under the provisions of the tariff act of 1897.

The opinion filed in the Circuit Court is as follows:

PLATT, District Judge (orally). The importation involved in this appeal is invoiced as carnauba wax. One of the importers in his testimony designates it as carnauba wax substitute. The affidavit of the manufacturer, which is in evidence, states that the merchandise consisted of two qualities, that both qualities are a by-product or remainder of bleached carnauba wax, and that in order to bleach carnauba wax it is necessary to add paraffin to it. The importation was assessed for duty at 20 per cent. ad valorem as a nonenumerated manufactured article under the provisions of Tariff Act July 24, 1897, c. 11, § 6, 30 Stat. 205 (U. S. Comp. St. 1901, p. 1693). The importers in their protest contend that it should be admitted free of duty as paraffin, under paragraph 633, § 2, Free List, 30 Stat. 200 (U. S. Comp. St. 1901, p. 1686), or as a vegetable or mineral wax, under paragraph 695 of the act, 30 Stat. 202 (U. S. Comp. St. 1901, p. 1689). The Board of Appraisers sustained the protest under said paragraph 695, from which decision the government appealed. Some additional testimony has been taken in this court.

The only difference between the case before the court and the one before the board is that Dr. Berry, government chemist, thinks the board misconstrued his evidence. He stated in his testimony, upon which the board acted, that the "remainder of the material, besides the paraffin," which he designated as "the difference," had been derived in part, if not entirely, from a vegetable

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

wax. He says now that "the difference" cannot be called wax in any sense. The case was not as carefully tried as I should like to have had it; but I understand, from all Dr. Berry's testimony, that he means to say that after carnauba wax is bleached with paraffin, the by-product, which must have come from one or the other of the original waxes, cannot be called a wax. But it is plainly composed of the ingredients which result from the combination of the two waxes. Of course, in the form in which we find them, they are not the natural waxes; but nothing new has been introduced. Paragraph 695 does not restrict the "wax, vegetable or mineral," to a natural wax. It would be unjust to place this merchandise, which is inferior to pure carnauba wax, in a provision which calls for 20 per cent. duty, when nothing has been done to the original free article except to treat it with another free article, and when it is clear that by such treatment no essential nonwax ingredient has been added to the merchandise. On the whole case, the decision of the board is sustained.

Decision affirmed.

J. Osgood Nichols, Asst. U. S. Atty.

Everit Brown, for appellees.

Before LACOMBE, COXE, and NOYES, Circuit Judges.

PER CURIAM. The relevant paragraphs are both on the free list and read as follows:

"Par. 695. Wax, vegetable or mineral."
"Par. 633. Paraffin."

The importation is known as "carnauba wax substitute"; carnauba wax being a vegetable wax. The government's chemist admits that, although the so-called mineral waxes are not regarded as waxes in the chemical sense, paraffin belongs to that group. Evidently Congress used the words "mineral wax" in their popular sense; otherwise, they would cover nothing. The article in question is compounded of carnauba wax and paraffin, and when completed is to all appearance a waxy substance, used for the same purpose as are other waxes, and containing no animal wax. We concur with the board and the Circuit Court.

The decision is affirmed.