UNITED STATES *v.* PARK & TILFORD (No. 897).[1]

SUFFICIENCY OF PROTEST.

The merchandise consisted of short, thick tapers commercially known as night lights, composed of a cotton wick and paraffin, each taper having a metal plate covering the bottom of the wick and incased in a paper cup.   These were improperly assessed as tapers and as being dutiable under paragraph 436, tariff act of 1909, and were protested as nonenumerated manufactured articles and as dutiable under paragraph 199, tariff act of 1909; but as a case must be tried upon the issues made by the protest and these issues having failed here, the protest can not be sustained.

United States Court of Customs Appeals, October 28, 1912.

APPEAL from Board of United States General Appraisers, Abstract 28017 (T. D. 32346).
[Reversed.]

*William L. Wemple,* Assistant Attorney General (*William A. Robertson,* special attorney, of counsel), for the United States.
*B. A. Levett* for appellees.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

BARBER, Judge, delivered the opinion of the court:
The merchandise here involved is described in the invoice and the importers' protest as "night lights" and in the deputy appraiser's

answer to the protest as "short, thick tapers, commercially known as night lights, composed of cotton wick and paraffin, each taper having a metal plate covering the bottom of the wick and being incased in a paper cup." Samples of the merchandise are before us and seem to have been correctly described by the deputy appraiser. They were held dutiable as tapers at 35 per cent ad valorem under paragraph 436 of the tariff act of 1909.

Various claims were made in the protest, but the one relied upon before the board and sustained by it is that the merchandise is dutiable as a nonenumerated manufactured article at 20 per cent ad valorem under paragraph 480 of the same act. The appeal is brought here by the United States.

There is no evidence other than that already mentioned.

In its decision the board followed Godillot's case (T. D. 30332), where the merchandise was assessed for duty as a nonenumerated manufactured article under the tariff act of 1897. It appears from the opinion of the board in that case that the night lights there involved were composed of stearin, which the board held to be a manufacture of tallow, of plaster of paris, of paper, and of wick. The proportion in weight of each thereof was stated in the opinion, but is immaterial here. The litigated claim of the importer was that the merchandise was dutiable under paragraph 279 of the act of 1897 as tallow by similitude. The board overruled the protest. It did not appear that any kind of metal was one of the component materials of those lights.

In Godillot's case (3 Ct. Cust. Appls., 128; T. D. 32382) this court held that night lights, which were cylindrical cups of paper filled with stearin that surrounded a bamboo wick firmly fastened to the bottom of the cup, were not dutiable as tapers under paragraph 436 of the tariff act of 1909, but were properly classifiable under paragraph 480 of the same act as a nonenumerated manufactured article, thereby sustaining the action of the Board of General Appraisers. The night lights in that case were similar in size and shape to those here involved, but contained no metal.

It appears by referring to the opinion of the board in the last-mentioned case, (Abstract 25655, T. D. 31624) it relied, as in the case at bar, upon the authority of Godillot's case (T. D. 30332).

In the case now before us it is not claimed by the Government that the assessment made by the collector can be sustained, but it is urged that as these night lights are composed partly of metal they are manufactures in part of metal, and hence dutiable under paragraph 199 at the rate of 45 per cent ad valorem. The Government does not, however, contend that this court should order the collector to classify the articles under paragraph 199, because the material contention raised by the protest and decided by the board was only that the merchandise was dutiable under paragraph 480 as a non-

enumerated manufactured article, and only contends that the judgment of the board should be reversed.

In support of its contention that the board is in error in this case the Government points out that the night lights in the Godillot case, upon which the board relied, contained no metal and that stearin was the component material of chief value, while in this case it urges that paraffin is the chief and metal a minor component material.

With reference to the latter portion of this contention it may be observed as to whether paraffin or metal is the component material of chief value the record does not disclose other than that the samples contain a greater bulk of paraffin than of any other substance, but as to the respective values of the component materials there is no further evidence.

The importer urges that the court should take judicial notice that the metal is worth less than the paraffin and is of so small relative value as to be negligible and sustain the board.

It may be observed here that while we do not feel called upon to decide as to the value of any component material of these night lights, and indeed it is doubtful if upon the record we could do so, it is nevertheless apparent that the small piece of metal to which the wick is fastened is in fact or is designed to be a substantial component in the construction of the entire article. It is not ornamental because it is placed out of sight. The apparent care taken to place and secure it in position is strongly suggestive that it is intended to play so important a part in the use of the night light that we do not feel warranted to hold, with no evidence whatever as to its value except its appearance, as requested by the importers.

Now, paragraph 199 relates to articles or wares not specially provided for that are composed wholly or in part of certain metals, naming them, "or other metal," from which it would seem that Congress intended that if metal was a component material the merchandise, unless otherwise provided for, should be dutiable thereunder.

Paragraph 480 is what is known as a "catch-all paragraph," designed to cover nonenumerated unmanufactured and partially or wholly manufactured articles, and we think is less specific than paragraph 199. It follows, therefore, that as between these two paragraphs these night lights were dutiable under the earlier paragraph.

It appears to be settled law, however, that unless the proper paragraph is sufficiently referred to and claimed applicable by the importer in his protest that the protest must be overruled, even though the merchandise is found to be dutiable under some paragraph other than the one under which it was assessed. In other words, the case is tried upon the issues made by the protest, and those issues failing the protest can not be sustained. United States v. Danker (2 Ct. Cust. Appls., 462); Davies v. Arthur (96 U. S., 148).

The judgment of the Board of General Appraisers is *reversed*.