UNITED STATES *v.* COCCARO *et al.* (No. 1220).[1]

1. WAX.

"Wax" is not restricted in its meaning by lexicographers, by the courts, or by Congress to substances of animal origin only, but they have included under that name all substances of kindred nature derived from mineral or vegetable sources.

2. PARAFFIN TAPERS.

The paraffin in these articles is wax, and this constitutes their value in chief. They come within paragraph 462 as manufactures of wax, a more specific designation than "articles in part of metal."

United States Court of Customs Appeals, November 18, 1913.

APPEAL from Board of United States General Appraisers, Abstract 32618 (T. D. 33511).

[Modified.]

*William L. Wemple,* Assistant Attorney General (*Charles D. Lawrence,* special attorney, of counsel; *Leland N. Wood,* special attorney, on the brief), for the United States.

*Brown & Gerry* for appellees.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

MONTGOMERY, Presiding Judge, delivered the opinion of the court:

This appeal involves two separate importations by different importers. Both importations were assessed for duty at the rate of 35 per cent ad valorem under the provision for tapers in paragraph 436 of the act of 1909. In each case protests were filed claiming alternately that the applicable rate of duty was 25 per cent ad valorem under the provisions of paragraph 462 for manufactures wholly or in chief value of wax or at 20 per cent ad valorem as unenumerated manufactured articles under paragraph 480. The board held that the merchandise was properly subject to duty at 20 per cent under paragraph 480.

[1] Reported in T. D. 33921 (25 Treas. Dec., 535).

In this court the issue is narrowed in each case. The appellant does not contend that the collector's classification was correct. On the other hand, the importer concedes that in the protest of Massce & Co., No. 621644, the contention of the Government that the goods were properly dutiable at 25 per cent ad valorem as manufactures of wax under paragraph 462 should be allowed. But the Government contends that in case No. 622923 the articles are dutiable as manufactures in part of metal, on the authority of United States *v.* Park & Tilford (3 Ct. Cust. Appls., 350; T. D. 32907). That case dealt with articles having some resemblance to those here is question. They were short, thick tapers, commercially known as night lights, composed of cotton wick and paraffin, each taper having a metal plate covering the bottom of the wick and being incased in a paper cup. So far as the report of the case shows, there was no claim in that case made by the importer that the articles in question were manufactures of wax, but the contention of the importer was rested upon the claim that the article was a nonenumerated manufactured article. Neither counsel nor the court appear to have had their attention drawn to the provision for manufactures of wax, so that the case is not an authority against a contention now here made by the importers and involved in their protest that the articles in question are manufactures wholly or in chief value of wax and dutiable under paragraph 462 at 25 per cent.

The record contains no oral testimony as to the value, but it is assumed by counsel for the importers that the article is in fact in chief value of paraffin, and an inspection of the article shows all the other ingredients to be relatively so unimportant that the necessity of calling witnesses to establish the fact that paraffin is of chief value is not apparent. It is almost the only substance. It is true there is a wick running through this material and a very small tin support covering a portion of the bottom, but it is clearly in chief value of paraffin.

Is paraffin wax in the tariff sense? The contention of the Government, in discussing the case of Massce & Co., is that paraffin is wax, as paraffin was there involved, and counsel cites the Standard Dictionary, under the head of "paraffin," as follows:

A colorless, odorless, translucent, waxy, solid mixture of hydrocarbons derived from methane, rich in carbons, and indifferent to most reagents.

It is stated that the variety (of mineral wax) obtained in Gallicia yields from 36 to 50 per cent paraffin.

And also the word "wax," as follows:

Originally a fatty solid substance of animal origin, especially that secreted by bees; now, by extension, any one of various similar substances of animal, mineral, or vegetable origin * * *.

Compounds, etc. * * *. Paraffin wax, same as paraffin.

And the Oxford Dictionary:

Paraffin. 4. * * * Paraffin wax, solid paraffin, as distinct from paraffin oil.

We also find, by reference to a work on "Oils, Fats, Waxes, and Their Manufactured Products," by Wright and Mitchell, page 5, a

reference to mineral waxes, including paraffin wax, ozokerite, and similar substances, employed as candle materials.

In the case of United States *v.* Morningstar (168 Fed., 541) the Circuit Court of Appeals of the Second Circuit, in dealing with an importation known as carnauba wax substitute, it was said:

> The Government's chemist admits that although the so-called mineral waxes are not regarded as waxes in the chemical sense, paraffin belongs to that group. Evidently Congress used the words "mineral wax" in their popular sense, otherwise they would cover nothing. The article in question is compounded of carnauba wax and paraffin, and when completed is to all appearance a waxy substance, used for the same purpose as are other waxes, and containing no animal wax.

And it was held free as wax under the provision of the then tariff law for "wax, vegetable or mineral." The same provision of the free list was continued in the act of 1909, paragraph 707. So that it is apparent that in the sense in which Congress used the term "wax" a mineral wax is included, if paraffin be treated as a mineral wax. It appears, therefore, that not only lexicographers but the courts and Congress as well have departed from the original restricted use of the word "wax" as a substance of animal origin only, and have included thereunder all substances of kindred nature which are derived from mineral or vegetable sources. We think the contention should be allowed that this substance is a wax, and this being so, we see no escape from the contention of the appellees' counsel that the opinion of the board should be modified only to the extent of directing reliquidation in both cases under paragraph 462 of the importations in question as manufactures of wax, which is more specific than the provision for articles in part of metal.

The decision will be so *modified.*