UNITED STATES *v.* TROY LAUNDRY MACHINERY Co. (No. 1418).[1]

PROTEST—WHEN INSUFFICIENT.

The protest here not only expressly refers the collector to a paragraph but avers the merchandise to be of a kind that is provided for in that paragraph alone, and claim is made thereunder. The protestant is bound by this specific allegation and his protest could not avail to give him the benefit of yet another and different paragraph of the law.

United States Court of Customs Appeals, November 18, 1914.

APPEAL from Board of United States General Appraisers, G. A. 7565 (T. D. 34457).
[Reversed.]

*Bert Hanson,* Assistant Attorney General (*Charles D. Lawrence,* special attorney, on the brief), for the United States.
Submitted on record by appellee.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

[1] Reported in T. D. 34947 (27 Treas. Dec., 550).

DE VRIES, Judge, delivered the opinion of the court:

This appeal may be determined by ruling as to the sufficiency of the protest. The material allegation of the protest it as follows:

We claim and insist that this merchandise is caustic potash, as specifically provided for at 1 cent per pound in paragraph 61 of the tariff act of August, 1909.

Paragraph 61 reads:

61. Caustic potash, or hydrate of, refined, in sticks or rolls, one cent per pound; chlorate of, two cents per pound.

The Board of General Appraisers held merchandise such as this entitled to free entry under paragraph 655 of the act, which reads:

655. Potash, crude, or "black salts"; carbonate of potash, crude or refined; hydrate of, or caustic potash, not including refined in sticks or rolls; nitrate of potash or saltpeter, crude; sulphate of potash, crude or refined, and muriate of potash.

The board upheld the sufficiency of the protest. The Government appeals. Much stress is laid by the board in its opinion upon the fact that the protest *eo nomine* counts upon "caustic potash."

If "caustic potash" were provided for *eo nomine* in but one of these paragraphs there might be much force in that position. Smith *et al. v.* Schell *et al.* (27 Fed., 648), Cummins *et al. v.* Robertson (27 Fed., 654), *In re* Austin *et al.* (47 Fed., 873). Being so provided for, however, in both paragraphs, at least the name being used in both as related to different kinds of the merchandise, the reason of the rule fails and it has here no application. Furthermore, the protest not only makes claim as to caustic potash but expressly directs the collector's attention to that "caustic potash, as specifically provided for * * * in paragraph 61 of the tariff act of August, 1909." The protest, therefore, not only cites the wrong paragraph but expressly refers the collector to a kind of merchandise provided for in that paragraph alone, and not provided for in paragraph 655. Of such a protest this court in Bliven *v.* United States (1 Ct. Cust. Appls., 205–208; T. D. 31239), said:

The cardinal principle underlying the sufficiency of protests being that the protestant must *direct the mind of the collector to the appropriate provision of law*. It ca not by any stretch of imagination be said that this requirement is satisfied when the protestant directs the mind of the collector to some other provision of law assessing a different rate of duty. Such is a more violent contravention of the requirement because it not only does not leave the mind of the collector free to determine for himself the appropriate provision, but carries his mind away from the applicable clause to an inapplicable one, and thus confuses the situation.

Oelrichs & Co. *v.* United States (3 Ct. Cust. Appls., 232; T. D. 32541).

The ruling rests upon the fundamental principle of pleading and practice, applicable also to customs protests, that where an importer states with specificness his objections he is limited thereby. He is bound by the allegations of his protest. Benjamin Iron & Steel Co.

*v.* United States (2 Ct. Cust. Appls., 159; T. D. 31667), United States *v.* Danker & Marston (2 Ct. Cust. Appls., 462; T. D. 32208), Bowling Green Storage & Van Co. *v.* United States (3 Ct. Cust. Appls., 309; T. D. 32588), United States *v.* Park & Tilford (3 Ct. Cust. Appls., 350; T. D. 32907), United States *v.* Chattanooga Brewing Co. (3 Ct. Cust. Appls., 375; T. D. 32965), Strakosh *v.* United States (1 Ct. Cust. Appls., 360; T. D. 31453), *In re* Solvay Process Co. (134 Fed., 678), Herrman *v.* Robertson (152 U. S., 521), Presson *v.* Russell (152 U. S., 577), United States *v.* Curley *et al.* (66 Fed., 720), United States *v.* George Knowles & Son (126 Fed., 737), United States *v.* H. Bayersdorfer & Co. (126 Fed., 732), United States *v.* Fleitmann *et al.* (137 Fed., 476), Davies *v.* Arthur (96 U. S., 148). *Reversed.*