UNITED STATES v. NATIONAL GUM & MICA CO. (No. 1991).[1]

PLEADING—PROTEST.

A protest can not be sustained upon a claim which it does not directly or indirectly make. Four protests involving similar merchandise were combined by stipulation. Three of them contained a claim for free entry as a crude drug under paragraph 477 of the tariff act of 1913, but the one at bar did not. The Board of United States General Appraisers held that the merchandise was entitled to free entry under paragraph 477. In drafting the judgment entry all of the protests were scheduled together as making claim for free entry under paragraph 477. The decision of the board is modified so as to overrule the protest at bar.

[1] T. D. 38207 (37 Treas. Dec., 244).

United States Court of Customs Appeals, November 25, 1919.

APPEAL from Board of United States General Appraisers, Abstract 43118.

[Modified.]

*Bert Hanson*, Assistant Attorney General, for the United States.
*Hatch & Clute* for appellee.

[Oral argument Oct. 7, 1919, by Mr. Hanson.]

Before MONTGOMERY, SMITH, BARBER, and MARTIN, Judges.

[Oral argument Oct. 14, 1919, by Mr. Hanson.]

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

MARTIN, Judge, delivered the opinion of the court:

The present appeal relates solely to protest No. 851995–3263, in which the appellee was the protestant.

The imported merchandise was gum karaya, which was assessed with duty at 10 per cent ad valorem as a nonenumerated unmanu·factured article within paragraph 385 of the tariff act of 1913.

The protest challenged the assessment, and claimed free entry for the merchandise either as crude rubber under paragraph 513 of the act, or as a crude vegetable substance under paragraph 552 thereof. It is important to note that the protest contained no claim for the free entry of the article as a crude drug under paragraph 477 of the act.

The protest when submitted to the board was combined by stipulation of the parties with three other protests then pending which related to similar merchandise. It should be noted, however, that in each of these three protests there appeared a specific claim for the free entry of the merchandise as a crude drug under paragraph 477 of the act.

After a hearing of the four protests thus combined the board held that the merchandise in question was entitled to free entry as a crude drug within the provisions of paragraph 477 aforesaid. In accordance with this finding the three protests which claimed under that paragraph should have been sustained, and the present protest, which contained no such claim, should have been overruled, without, however, affirming the collector's classification of the merchandise.

In the drafting of the judgment entry, however, all of the protests, including the one now in question, were scheduled together as protests making a claim for free entry under paragraph 477, and an obvious interpretation of the board's decision justifies the conclusion that all of the protests were sustained upon that claim.

No appeal was taken by the Government from the decision in so far as it sustains the three protests which actually claim under para-

graph 477, but at the instance of the collector the Government prosecutes this appeal in relation to the present protest which failed to make that claim.  It is of course conceded that a protest can not be sustained upon a claim which it does not either directly or indirectly make.  It is very apparent that the board had no intention of departing from this rule but that by inadvertence the present protest was classified with the others in the premises of the decision, under the mistaken impression that all of them contained the same claims.

The decision of the board is therefore modified to the effect only that protest No. 851995–3263 shall be overruled, and the case is remanded for this action.

*Modified.*