LLOYD'S SUBAGENT *v.* UNITED STATES (No. 3473)[1]

United States Court of Customs and Patent Appeals, March 28, 1932

*Lawrence A. Harper, De Vries, Crawford & McCook* for appellant.
*Charles D. Lawrence,* Assistant Attorney General (*Reuben Wilson* and *Daniel P. McDonald,* special attorneys, of counsel), for the United States.

[Oral argument February 12, 1932, by Mr. Crawford and Mr. McDonald]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

GRAHAM, Presiding Judge, delivered the opinion of the court:

On or about February 25, 1927, certain welded-steel casings and pipes were shipped by the steamship *Carna* from New York, with Maracaibo, Venezuela, as their destination. The vessel was wrecked on March 3, 1927, near the shore of Santo Domingo. The exact locality where the wreck occurred is not shown by the record, nor does it appear whether this locality was within three miles of the shore.

The cargo was salvaged and was shipped back to the United States in two shipments, being entered at the port of Los Angeles on May 26, 1928. The goods were entered as "steel casings, oilwell tubing, steel line pipes," by "Lloyd's Sub-Agent, A. Lester Best." Attached to the entry papers are a certificate of exportation and an affidavit on Customs Form 3311, showing the shipment of the goods out of the

[1] T. D. 45576.

United States, without drawback, and their return without being advanced in value or improved in condition in any way.

The collector classified the goods in each case as welded steel pipe under paragraph 328 of the Tariff Act of 1922. The importer severally protested, the relevant portion of one of his protests being as follows:

\* \* \* The reasons for objection under the Tariff Act of 1922 are as follows:

All the merchandise returned as welded pipe at ¾ cent per pound should be classified at 75 cents per ton, under paragraph 301, or free of duty under paragraph 1514, or 2d—All the merchandise (except that returned at 75¢ per ton under paragraph 301) should be classified free of duty under paragraph 1514, or at 75¢ per ton under paragraph 301.

It is further claimed that duty should have been imposed at the rate of 10 per cent or 20 per cent under paragraph 1459, or at the rate at which entered, or at the rates prescribed by any of the provisions above cited, by virtue of section 502 (c), or of the similitude or the mixed-material clause in paragraph 1460.

The other protest is, in substance, the same.

The collector, in forwarding the papers to the court below, attached the appraiser's answers to the protest with his approval, which answers are identical and one of which is as follows:

The merchandise covered by this protest consists of welded steel pipe of American manufacture exported from the port of New York without drawback in Feb., 1927, in the S/S *Carna* which was wrecked by storm March 3, 1927, near the coast of Santo Domingo. The merchandise was exported by Asiatic Petroleum Co. for the account of the same concern and consigned to Maracaibo, Venezuela. The merchandise did not reach destination and never entered the commerce of any foreign country but was salvaged by Lloyd's Insurance Co., the agent of the shipper. The merchandise was imported into this port by Lloyd's Insurance Co.'s subagent. Since the importer was not the exporter of the merchandise, it was returned for duty at the appropriate rate under Par. 328, Tariff Act of 1922.

These answers were incorporated into the record by stipulation, and the case was submitted without further evidence.

The United States Customs Court, Third Division, overruled the protests, holding that, as there was nothing in the record to impeach the correctness of the collector's classification, it must be approved. A motion for rehearing was made in the court below, which is general and specifies no specific grounds for the allowance of the same, and which was denied. In disposing of this motion, the court below held that any claim that the goods were not imported could not be sustained, as there was no claim in the protests covering that point. Furthermore, the court was of opinion that the goods were never exported and hence could not be said to be goods exported and afterwards reimported, so as to bring them within the purview of said paragraph 1514. As no such claims were made in the petition for rehearing we must assume that these points were raised in oral argument upon said motion.

The appellant brings the case here and assigns many errors. No contention is made here that the goods are dutiable under said paragraphs 301, 1459, or 1460. Upon oral argument, counsel for the appellant conceded that, under the authorities, the goods were never exported, and hence could not be reimported. In this connection, our attention is called to *Kidd* v. *Flagler*, 54 Fed. 367, and *Swan & Finch Co.* v. *United States*, 190 U. S. 143. Without attempting to discuss or dispose of this question, the concession of appellant's counsel will be accepted by the court as conclusive as to the claim under said paragraph 1514.

However meritorious the appellant's claim might be that the goods were never imported, we agree with the court below that this claim must be included in the protests if the appellant is to have any relief. This court has uniformly held that the protest is the importer's pleading, and that he will be confined to the claims made therein. *Benjamin Iron & Steel Co.* v. *United States*, 2 Ct. Cust. Appls. 159, T. D. 31677; *United States* v. *Park & Tilford*, 3 Ct. Cust. Appls. 350, T. D. 32907; *United States* v. *Troy Laundry Mach. Co.*, 5 Ct. Cust. Appls. 430, T. D. 34947; *United States* v. *Nat. G. & M. Co.*, 9 Ct. Cust. Appls. 250, T. D. 38207; *United States* v. *McQuade*, 16 Ct. Cust. Appls. 334, T. D. 43080; *United States* v. *Int. For. Co.*, 18 C. C. P. A. (Customs) 27, T. D. 44001.

The obvious reason for so holding is apparent in the case at bar. If such an issue had been raised in the protests it would have been open to the parties to introduce such evidence as might be relevant upon this issue. The court below might then, after hearing the facts and upon a consideration of the law, have determined whether the goods were, or were not, imported within the meaning of the statute. Not having made this claim, the appellant can not now claim error in the action of the court below in refusing to pass upon that question.

We find nothing in the invoices and entries which aid the protests in this respect.

The judgment of the United States Customs Court, Third Division, is *affirmed*.