STRAKOSH *v.* UNITED STATES (No. 143).    RICHARD *v.* UNITED STATES (No. 144).[1]

1. A SELLER'S DECLARATION AS TO THE CHARACTER OF GOODS SOLD BY HIM.

An attested declaration by a foreign dealer in the goods that the merchandise was manufactured from an article produced in the United States will not be admitted to control a case presented by the evidence.

2. VALUE IN CHIEF—ALIZARIN ASSISTANT.

Where no proper conclusion can be drawn from the evidence as to what in fact was the component of chief value in an article, no attempt to classify the article according to its component of value in chief will be made, and the finding of the Board of General Appraisers will be affirmed.

United States Court of Customs Appeals, March 27, 1911.

TRANSFERRED from United States Circuit Court for Southern District of New York, Abstract 21483 (T. D. 29877).

[Affirmed.]

*Comstock & Washburn* (*Albert H. Washburn* and *George J. Puckhafer* of counsel) for appellant.

*D. Frank Lloyd*, Assistant Attorney General (*Charles Duane Baker* on the brief), for the United States.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

MONTGOMERY, Presiding Judge, delivered the opinion of the court:

In these two cases the merchandise imported consisted of certain oils, and in each case it was returned by the appraisers as alizarin assistant. Duty was assessed at 30 per cent ad valorem under paragraph 32 of the act of 1897, which reads as follows:

Alizarin assistant, sulpho-ricinoleic acid, and ricinoleic acid, by whatever name known, whether liquid, solid, or in paste, in the manufacture of which fifty per centum or more of castor oil is used, thirty cents per gallon; in the manufacture of which less than fifty per centum of castor oil is used, fifteen cents per gallon; all other alizarin assistant, not specially provided for in this act, thirty per centum ad valorem.

The importer protested against the classification and assessment of the collector, alleging in his protest upward of twenty different claims in the alternative as ground of dissatisfaction. The board in its decision, while criticizing the protest in form, examined the case on its merits, and overruled the protest upon the ground that there was nothing in the testimony offered on behalf of the protestants to show under which of the many paragraphs named in the protest the merchandise should be classified or whether it should be held to be dutiable at one of the rates claimed or admitted free of duty, at the same time holding that the evidence established the fact that the article imported was not an alizarin assistant.

---

[1] Reported in T. D. 31453 (20 Treas. Dec., 590).

The case is brought here for review, and an attempt is made in this court to point out that the importation in question is dutiable under section 6 as a nonenumerated manufactured article. Section 7 of the act contains the provision that on articles not enumerated, manufactured of two or more materials, the duty shall be assessed at the highest rate at which the same would be chargeable if composed wholly of the component material thereof of chief value. It is sought to avoid the application of this section and to bring it within section 6 by applying the doctrine of the case of Hartranft *v.* Sheppard (125 U. S., 337). That case involved the dutiable classification of quilts composed of cotton and eider down, eider down being of chief value. The court said:

Quilts are nonenumerated manufactured articles composed of two or more materials. Eider down is on the free list. As eider down is the component material of chief value in the quilts involved in this suit, and that is free, it follows that they are manufactured articles not provided for, and therefore chargeable with the duty of twenty per cent ad valorem under section 2513. * * *

This section is the prototype of section 6 of the act of 1897.

But we encounter an obstacle in applying the case cited to the present case. The evidence in this case consists of testimony showing first that the importation is not an alizarin assistant; secondly, that it is composed in large part of petroleum. The analysis in fact shows it to contain 71 per cent of petroleum. It also shows the presence of rosin, 8.42 per cent, combined fatty anhydrides, 8.98 per cent, sodium oxide, 1 per cent, and sulphuric oxide, 1.56 per cent. The declaration made before the consul states that to the best of the knowledge and belief of the declarant, the importation described in the invoice was manufactured from crude petroleum produced in the United States of America, and the declaration of the seller of the goods, attested by the United States consul, that the lubricating oil was manufactured from crude petroleum in the United States of America. These declarations can not be admitted to control the case made by the evidence. See Prosser *v.* United States, *supra*, p. 29 (T. D. 30850). And the evidence shows that the product also contains the rosin and other ingredients above mentioned. It is not, therefore, a product wholly of petroleum, and there is no evidence in the record which shows the relative value of the several ingredients of which the importation is composed. It is impossible, therefore, for us to say that it is composed of petroleum of chief value, and thus bring the case within the case of Hartranft *v.* Sheppard, *supra*. This being the case, it must be held that the importer has failed to show the paragraph under which the article is dutiable, and for this reason the decision of the Board of General Appraisers must be *affirmed*.

SMITH, BARBER, DE VRIES, and MARTIN, Judges, concur.