UNITED STATES *v.* DANKER & MARSTON (No. 753).[1]

WANT OF SPECIFICATION IN THE PROTEST.

Whether the present proceeding be considered as an appeal solely from the final decision of the board or as an appeal from the order denying a rehearing, together with an appeal from the final decision, there is but one question really presented, namely, Could the board properly direct the admission of the merchandise free of duty under a paragraph of the law not made the basis of any claim by the importer? It was error so to direct. The burden was on the importer to show that his goods were properly dutiable according to the paragraph or paragraphs he had protested were applicable. He failed to do this.

United States Court of Customs Appeals, January 12, 1912.

APPEAL from Board of United States General Appraisers, G. A. 7255 (T. D. 31798).

[Reversed.]

*Wm. L. Wemple*, Assistant Attorney General (*Frank L. Lawrence* on the brief), for the United States.

*Searle & Pillsbury* for appellees.

Before MONTGOMERY, SMITH, BARBER, and MARTIN, Judges.

SMITH, Judge, delivered the opinion of the court:

Some time in the latter part of 1905 the firm of Danker & Marston imported at Boston, Mass., several consignments of a product known as gum tragasol. The importation was classified by the collector of customs as a nonenumerated manufactured article and accordingly it was assessed for duty at 20 per cent ad valorem under the provisions of section 6 of the tariff act of July 24, 1897, which section reads as follows:

SEC. 6. That there shall be levied, collected, and paid on the importation of all raw or unmanufactured articles, not enumerated or provided for in this act, a duty of ten per centum ad valorem, and on all articles manufactured, in whole or in part, not provided for in this act, a duty of twenty per centum ad valorem.

The importers objected to the classification of the collector and the assessment of duty based thereon and claimed that the merchandise was either dutiable under the provisions of said section 6

---

as a nonenumerated unmanufactured article at 10 per cent ad valorem or free of duty under paragraph 548 of section 2, which reads as follows:

FREE LIST.—SEC. 2. That on and after the passage of this act, unless otherwise specially provided for in this act, the following articles when imported shall be exempt from duty:

\* \* \* \* \* \* \*

548. Drugs, such as barks, beans, berries, balsams, buds, bulbs, and bulbous roots, excrescences, fruits, flowers, dried fibers, and dried insects, grains, gums, and gum resin, herbs, leaves, lichens, mosses, nuts, nutgalls, roots, and stems, spices, vegetables, seeds aromatic, and seeds of morbid growth, weeds, and woods used expressly for dyeing; any of the foregoing which are drugs and not edible and are in a crude state, and not advanced in value or condition by refining or grinding, or by other process, and not specially provided for in this act.

The Board of General Appraisers found that the goods were entitled to free entry under the provisions of paragraph 482, which is a free-list paragraph of the tariff act of 1897, and reads as follows:

482. Articles in a crude state used in dyeing or tanning not specially provided for in this act.

On this finding and apparently on the erroneous assumption that the importers had protested under paragraph 482 the board sustained the protests and directed the collector to reliquidate the entries on the basis that the goods were entitled to admission free of duty. Subsequent to this decision the Government filed with the board a petition for a rehearing, alleging that its application in that behalf should be granted and the protests overruled on the ground that the importers had not claimed free entry under paragraph 482, and on the further ground that the board in a like case (T. D. 26732) had overruled a similar protest. The petition for a rehearing was denied by the board, and within 60 days after the decision determining the classification of the goods and the rate of duty thereon the Government, being dissatisfied therewith and "also with the procedure of said board," applied to this court for a review of the questions involved "in said decision and for such relief in the premises as the law provides or as to the court shall seem just." As "errors of law and fact involved in said decision," the Government assigned, among others, that the board erred "in holding that the said merchandise was entitled to free entry under paragraph 482 of the act of 1897;" and "in not granting the petition of the Assistant Attorney General for a rehearing in these cases on the ground that the protests failed to enumerate the claim for free entry under paragraph 482 of the act of 1897." \* \* \*

On the hearing of the appeal appellees presented neither brief nor argument.

From the petition for a review it is evident that an appeal was taken to this court from the decision of the board "as to the construction of the law and the facts respecting the assessment of duty on certain imported merchandise"; that is to say, from the final decision of the board. Whether the Government intended, however, to take an appeal in the same petition from the order denying a rehearing or to do anything more than to assign such denial as error on the appeal from the final decision is not so clear. But whatever was the intention of the Government in that regard, the fact remains that whether the present proceeding be considered as an appeal solely from the final decision or as an appeal from both the final decision and the order denying a rehearing, there is but one issue raised by it and that is: Was the board justified in directing that the merchandise be admitted free of duty under a paragraph not claimed or set up by the importers in their protests? As that question is directly involved in an adequate appeal from the final decision, we deem it unnecessary to determine whether an appeal lies from an order of the Board of General Appraisers denying a rehearing, and of course it is equally unnecessary to decide whether such an appeal, if legally taken, might not be waived by a concurrent or subsequent appeal vesting this court with the jurisdiction to finally fix the classification and rate of duty. Neither is it necessary, in our opinion, to a proper consideration of the case to say whether or not an order denying a rehearing may be assigned as error on appeal from the final decision. We shall, therefore, pass over that part of the appellant's brief which argues for a review of the board's denial of a rehearing and come immediately to the consideration of that which is at once the ground relied upon for a rehearing and the error assigned for a reversal of the final decision from which an effective appeal has been taken. Was the board warranted in admitting the goods free of duty under protests which failed to point out or suggest in any way the proper provision which determined their status under the tariff act in effect at the time of their importation? We think not. The merchandise was classified by the collector as a nonenumerated manufactured article and assessed for duty at 20 per cent ad valorem under section 6 of the tariff act of 1897. The importer claimed that it was either free of duty as one of the drugs mentioned in paragraph 548 of that act, or dutiable at 10 per cent ad valorem as a nonenumerated unmanufactured article under section 6 thereof. The issue thus raised by the classification of the collector and the protest of the importer put the burden on the latter to show not only that the classification to which he objected was erroneous, but that the classification which he claimed in his protest was correct. Davies v. Arthur (96 U. S., 148, 150, 151); Hermann v. Robertson (152 U. S., 521, 525, 526); Strakosh v. United States, (1 Ct. Cust. Appls., 360; T. D. 31453); Bliven v.

United States (1 Ct. Cust. Appls., 205; T. D. 31239); Benjamin Iron & Steel Co. *v.* United States (2 Ct. Cust. Appls., 159; T. D. 31677).

The board found on the evidence adduced before it that gum tragasol was an article in a crude state used in dyeing and tanning, not specially provided for, and therefore within the terms of paragraph 482. As the correctness of that finding is not disputed by the parties to this appeal and is, in effect, admitted by their stipulation, it is evident that in this case, at least, the goods imported can not be considered either as drugs within the meaning of paragraph 548 or as nonenumerated unmanufactured articles within the intention of section 6. From this it follows that the classification claimed by the importers was incorrect and that their protests should have been overruled.

The decision of the Board of General Appraisers is, therefore, *reversed.*

DE VRIES, Judge, did not sit in this case.