UNITED STATES *v.* REISS & BRADY (No. 836).[1]

FRUITS PRESERVED OR PACKED IN SUGAR.

The merchandise in this case was assessed as preserved or packed in sugar, or as having sugar added thereto. The correctness of the assessment is not challenged. The change appearing in the language of paragraph 274, tariff act of 1909, relating to fruits preserved or packed, would seem clearly to require the application of the rate of 1 cent per pound and 35 per cent ad valorem under that paragraph.—United States *v.* Reiss & Brady (166 Fed. Rep., 746) distinguished.

United States Court of Customs Appeals, May 8, 1912.

APPEAL from Board of United States General Appraisers, Abstract 27240 (T. D. 32046).

[Reversed.]

*William L. Wemple,* Assistant Attorney General (*William K. Payne,* Deputy Assistant Attorney General; *William A. Robertson,* special attorney, on the brief), for the United States.

*Comstock & Washburn* for appellees.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

BARBER, Judge, delivered the opinion of the court:

The merchandise is stated in the opinion of the Board of General Appraisers to be figs and cherries packed in hermetically sealed bot-

---

[1] Reported in T. D. 32540 (22 Treas. Dec., 868).

tles and known commercially as maraschino figs and maraschino cherries. The return of the appraiser indicates that it consists wholly of the cherries. They were returned by the appraiser as "certain cherries put up in sugar and alcohol and packed in glass bottles and known commercially as maraschino cherries." The chemist's report on various samples involved in the protest shows the absolute alcohol in one sample to be 1.10 per cent and in two other samples to be 1.25 per cent.

The merchandise was assessed for duty at the rate of 1 cent per pound and 35 per cent ad valorem under paragraph 274 of the **tariff** act of 1909, the material part of which is as follows:

274. * * * Fruits of all kinds preserved or packed in sugar, or having sugar added thereto, or preserved or packed in molasses, spirits, or their own juices, if containing no alcohol, or containing not over ten per centum of alcohol, one cent per pound and thirty-five per centum ad valorem; * * *.

The importers protested the assessment, making various claims, among others, that the merchandise was dutiable at 2 cents per pound under that part of paragraph 274 which reads as follows:

274. * * * All edible fruits, including berries, when dried, desiccated, evaporated, or prepared in any manner, not specially provided for in this section, two cents per pound; * * *.

When the protest was heard by the Board of General Appraisers no evidence was introduced by either party, except the usual papers in the case and also the chemist's report. Thereupon the board held that as the merchandise was shown to contain but an insignificant quantity of alcohol the cherries were dutiable as claimed by the importers, on the authority of United States *v.* Reiss & Brady (166 Fed. Rep., 746), and ordered reliquidation accordingly.

The case last cited involved the construction of paragraph 263 of the tariff act of 1897, which provided for "fruits preserved in sugar, molasses, spirits, or in their own juices, not specially provided for in this act, 1 cent per pound and 35 per centum ad valorem." The fruit under consideration was also maraschino cherries put up in a light sirup containing an insignificant quantity of alcohol and no juice, and the evidence showed that the sealing and not the sirup was the preservative. The court held that Congress contemplated that the sugar referred to in that part of the paragraph should materially contribute to the preservation of the fruit in order to render it dutiable thereunder, and this condition being negatived, a contention similar to that made by the importers here was sustained.

It will be observed that the paragraph there involved related to "fruits preserved in sugar, molasses, spirits, or in their own juices," while that relied on in this case relates to "fruits of all kinds preserved or packed in sugar, or having sugar added thereto, or preserved or packed in molasses, spirits, or their own juices." In other words, the former paragraph makes the preservation in sugar, molasses,

spirits, or in their own juices the essential test, while the test in the latter is that they are *preserved or packed in sugar, or having sugar added thereto,* or preserved or packed in molasses.

The Board of General Appraisers evidently failed to note the difference in the language of the statute involved in the above-cited case and that here under consideration.

The collector in this case has assessed the merchandise upon the theory that it was *preserved or packed in sugar, or had sugar added thereto.* The appraiser reported that it was put up in sugar and packed in glass bottles. We take it this is equivalent to saying that it was packed in sugar or had sugar added thereto, and there is no evidence before us in the record which tends to show that this is not a true statement of the condition of the merchandise as imported. Nor do the importers rely on any claim in their protest other than the one sustained by the board in this case.

It appears, therefore, that the case of United States *v.* Reiss & Brady, *supra,* relied on by the board, is not, by reason of the change in the language of the present act from the language in the statute before that court, an authority in this case. It also appears that the goods here involved are within the language of the quoted part of paragraph 274 relied upon by the Government and were properly classified and assessed thereunder.

The judgment of the Board of General Appraisers is *reversed.*