UNITED STATES *v.* KUYPER & Co. (No. 1493).[1]

1. FREE ENTRY UNDER PARAGRAPH 644, TARIFF ACT OF 1913.
    To entitle merchandise to free entry under paragraph 644, tariff act of 1913, it must appear that it is a wheat product not specially provided for and that it is imported from a country or subdivision thereof which does not impose a duty on wheat products imported from the United States.

2. VEGETABLE ALBUMEN.
    It is not a matter of common knowledge that a substance obtained as this was is albumen within paragraph 392 of the act, the chemical analysis relied on by the importers showing the substance to be 77.90 per cent protein, 10 per cent starch, and 12.10 per cent moisture and fat.

3. PROTESTS, INSUFFICIENCY OF.
    The protest here did not call the attention of the collector to any other claim than that of free entry under paragraph 644, nor did it indicate that any different claim was then in importers' mind. It was insufficient.

United States Court of Customs Appeals, May 3, 1915.

APPEAL from Board of United States General Appraisers, Abstract 36813 (T. D. 34871).
    [Reversed.]

*Bert Hanson,* Assistant Attorney General (*Robert Hardison,* special attorney, on the brief), for the United States.
*Allan R. Brown* for appellees.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

BARBER, Judge, delivered the opinion of the court:

Referring to the merchandise in this case the appraiser's answer to the protest is as follows:

The merchandise described on the invoice as vegetable albumen is, according to the chemist's report, not vegetable albumen, but a preparation evidently of cereal

---

meal, that has been treated in such a way as to get rid of much of the starch and leave mostly protein. The starch grains are so broken up in the process that it is not possible to identify it. The protein is evidently derived from wheat, corn, rye, or barley and contains 77.9 per cent protein, 10 per cent starch, and 12.1 per cent moisture and fat. It was therefore returned for duty as a nonenumerated manufactured article at 15 per cent ad valorem, paragraph 385, act of 1913.

Copy of chemists' reports attached to invoice.

One of the importers, testifying in his own behalf as a witness before the board, said that the merchandise was made from wheat. When asked to describe the process he said:

Wheat flour, washed by water so long that every particle of starch comes out, and what is remaining is thick, yellow, gluey substance that is dried and powdered and gives the vegetable albumen.

This process, he said, he had seen applied in Europe about three years before, and he had been told by his brother that the manufacturer had told him the same process was still employed. His evidence does not disclose that he possessed chemical knowledge or experience. At the close of the hearing importers' attorney moved "that the chemist's report, attached to the invoice, of the chemical analysis be admitted in evidence." The motion was granted.

The board in its return to this court pursuant to its mandate states that the return comprises, among other things, three chemists' reports, and three such reports are contained in the printed record, one stating in substance that the merchandise contains protein, starch, moisture, and fat; another, that it is evidently a cereal meal that has been treated in such a way as to get rid of much of the starch and leave mostly protein, that the starch grains are so broken up that it is not possible to identify them and that the protein is evidently derived from wheat, corn, rye, or barley; and the other, that it is not albumen, that it contains starch, protein, and a small amount of fat, and is probably the meal of a leguminous plant.

The Government introduced no evidence before the board.

The merchandise was assessed at 15 per cent ad valorem as a nonenumerated manufactured article under paragraph 385 of the tariff act of 1913.

The material part of the protest is as follows:

Notice of dissatisfaction is hereby given with, and protest is hereby made against, your ascertainment and liquidation of duties, and your decision assessing duty at 15 per cent ad valorem, or other rate or rates, on vegetable albumen or similar merchandise covered by entries below named. The reasons for objection, under the tariff act of October 3, 1913, are as follows: Said merchandise is covered by, and is free of duty under, paragraph 392, or (as wheat products) paragraph 644.

We quote here the paragraphs under which free entry was claimed:

392. Albumen, not specially provided for in this section.

644. Wheat, wheat flour, semolina, and other wheat products, not specially provided for in this section: *Provided,* That wheat shall be subject to a duty of 10 cents

per bushel, that wheat flour shall be subject to a duty of 45 cents per barrel of 196 pounds, and semolina and other products of wheat, not specially provided for in this section, 10 per centum ad valorem, when imported directly or indirectly from a country, dependency, or other subdivision of government which imposes a duty on wheat or wheat flour or semolina imported from the United States.

The board in its opinion, after reciting the substance of the evidence already stated, held—

Upon this record we think the commodity should be classified under paragraph 644. The protest is therefore sustained and the collector directed to reliquidate accordingly.

No question as to the sufficiency of the protest was mentioned in the board's opinion, but the Government's assignment of errors alleges it to be insufficient, and it is so claimed here. No evidence was introduced before the board tending to show from what country or subdivision thereof the merchandise was exported, or whether such country or subdivision imposes a duty on wheat, wheat flour, semolina, or other products of wheat when imported therein from the United States.

In this court the importers concede it was imported from Germany and that under the laws of that nation a duty is imposed on wheat, wheat flour, semolina, or other products of wheat when therein imported from the United States.

The Government claims that to warrant the above order of the board it was incumbent upon the importer to show that the merchandise was not subject to the 10 per cent ad valorem duty specified in the proviso to paragraph 644, and hence that there was no evidence which warranted said order, which it argues must be construed to admit the merchandise to free entry.

The importers claim that the order means that the collector shall classify the merchandise under paragraph 644 and then assess duty thereon if it is made to appear before him that the proviso is applicable. In other words, leaving the issue as to whether or not the country of import imposes a duty on the merchandise specified in the proviso, and consequently whether duty shall in fact be assessed in this case, to be determined by the collector on reliquidation. No authority is cited in support of this claim. We are of opinion that this position is untenable.

In order to entitle this merchandise to free entry under paragraph 644, and that is the protest claim, it must appear that it is a wheat product not specially provided for and that it is imported from a country or subdivision thereof which does not impose a duty on wheat products when imported there from the United States.

The board evidently assumed that the merchandise was entitled to free entry, because it sustained the protest which so claimed under paragraph 644. That it is not so entitled the importers in effect now concede. We do not think, as touching that paragraph, the protest called the attention of the collector to any other claim than that of

free entry thereunder or indicated that any different claim was then in the importers' mind. It is therefore insufficient. Bliven *v.* United States (1 Ct. Cust. Appls., 205; T. D. 31239); United States *v.* Danker (2 Ct. Cust. Appls., 462; T. D. 32208); United States *v.* Reiss (3 Ct. Cust. Appls., 230; T. D. 32540).

This claim of the importers results in relegating to the collector the determination of whether the merchandise is or is not entitled to free entry. This in turn rests upon a question of fact, which should be determined before reliquidation is ordered. If the suggested procedure be adopted it further results in a piecemeal trial of material issues, which we do not think the statute contemplated, and the fact that appeal may be had from reliquidation does not justify a different conclusion.

The opinion of the board, as above quoted, we understand to be a finding that the merchandise is not albumen under paragraph 392. The importers claim this is not warranted by the record, because, they argue, that only one chemist's report should be considered, namely, the one we have first above referred to, which it is argued entirely corroborates the testimony given by the importers and requires a finding that the merchandise is albumen under paragraph 392. The exclusion of the other chemists' reports from consideration seems to be predicated upon the fact that importers' counsel asked to have the chemist's *report* attached to the invoice admitted in evidence, from the granting of which motion it is assumed there was but one report. The importers have made no effort to show us that there was in fact but one report attached to the invoice or which one that was. The first two are dated February 25 and the other February 19, 1914. The appraiser in his answer to the protest refers to the chemists' *reports* attached to the invoice. The board certifies these reports as part of the evidence and refers to the contents thereof in its opinion.

In view of all this, we are not now disposed to diminish the record, as in effect we are asked to do.

The importers further ask us to say of common knowledge that when a cereal has been treated as "to get rid of much of the starch, leaving mostly protein, the so-called protein which is left is what is known as albumen," and therefore that the merchandise here is albumen within paragraph 392.

The importers made the question of whether the merchandise here was or was not albumen an issuable claim before the board, invoked chemical knowledge on the subject, and apparently have received an adverse finding.

Of common knowledge, we are unwilling to hold that a substance obtained as this was, and which the chemical analysis relied upon by

the importers shows to be 77.90 per cent protein, 10 per cent starch, and 12.10 per cent moisture and fat, is albumen within the paragraph. While if it was not for the proviso the merchandise would be classifiable under paragraph 644, as held by the board, we think the order contemplated that it was entitled to free entry thereunder. Of course, so construed the judgment below was error. Further, the protest is not sufficient to permit a decision as to a *rate* of duty the merchandise shall pay under paragraph 644, and the importers' concession that it is dutiable can not avail to cure such defect.

The judgment of the Board of General Appraisers is *reversed*.