UNITED STATES v. INTERNATIONAL FORWARDING CO. (No. 1966).[1]

EVIDENCE—RELEVANCY OF.
    Under a protest alleging goods to be dutiable under a certain paragraph the protestant may not prove them to be dutiable at the same rate under another paragraph.

United States Court of Customs Appeals, April 15, 1919.

APPEAL from Board of United States General Appraisers, Abstract 42831.

[Reversed.]

*Bert Hanson*, Assistant Attorney General (*Frank P. Wilson*, special attorney, of counsel), for the United States.
*Comstock & Washburn* (*J. Stuart Tompkins* of counsel) for appellee.

[1] T. D. 37991 (36 Treas. Dec., 366).

[Oral argument Mar. 28, 1919, by Mr. Hanson and Mr. Tompkins].

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

MONTGOMERY, Presiding Judge, delivered the opinion of the court:

The protest in this case concerns cotton and flax ticking which was assessed for duty at 35 per cent under paragraph 284 of the tariff act of 1913. The protest claims the goods to be a composition of cotton and linen, of which cotton is the component material of chief value, and that they should have been assessed at the rate of 30 per cent under paragraph 266.

The answer to the protest included a report from the appraiser stating that an error occurred in classifying the goods under paragraph 284, and that the goods in question were in fact Jacquard figured manufactures of cotton, dutiable under paragraph 258 at 30 per cent ad valorem. The board sustained the protest and directed reliquidation at 30 per cent.

The Government appeals, and the sole question presented is whether, upon a protest alleging goods to be dutiable under a certain paragraph, the importers are at liberty to prove their case by showing them to be dutiable at the same rate and under a different paragraph.

Numerous cases have arisen in this court in which the precise question has been adjudicated. In Bliven *v.* United States (1 Ct. Cust. Appls., 205; T. D. 31239) it is said:

The cardinal principle underlying the sufficiency of protests being that the protestant must direct the mind of the collector to the appropriate provision of law, it can not by any stretch of imagination be said that this requirement is satisfied when the protestant directs the mind of the collector to some other provision of law assessing a different rate of duty. Such is a more violent contravention of the requirement because it not only does not leave the mind of the collector free to determine for himself the appropriate provision but carries his mind away from the applicable clause to an inapplicable one, and thus confuses the situation.

So, in United States *v.* Danker (2 Ct. Cust. Appls., 462; T. D. 32208), the question was whether certain goods were entitled to free entry. They were claimed to be free of duty under paragraph 548. The board held them to be free of duty under paragraph 482, not referred to in the protest. In writing the opinion of the court Judge Smith said:

Was the board warranted in admitting the goods free of duty under protests which failed to point out or suggest in any way the proper provision which determined their status under the tariff act in effect at the time of their importation? We think not. The merchandise was classified by the collector as a nonenumerated manufactured article and assessed for duty at 20 per cent ad valorem under section 6 of the tariff act of 1897. The importer claimed that it was either free of duty as one of the drugs mentioned in paragraph 548 of that act or dutiable at 10 per cent ad valorem as a nonenumerated unmanufactured article under section 6 thereof. The issue thus raised by the classification of the collector and the protest of the importer put the burden on the latter to show not only that the classification to which he objected was erroneous but that the classification which he claimed in his protest was correct.

Citing various cases. See also Oelrichs *v*. United States (3 Ct. Cust. Appls., 232; T. D. 32541) and United States *v*. Troy Laundry Co. (5 Ct. Cust. Appls., 431; T. D. 34947), a case directly in point.

The case of Michelin Tire Co. *v*. United States (6 Ct. Cust. Appls., 283; T. D. 35507) in no way modifies the rule of these cases. In that case the right paragraph was pointed out, which paragraph itself provided the dutiable rate of 5 per cent and also provided a certain rate for the goods named in that paragraph when in a particular state or condition. The attention of the collector was directed to the goods and an inspection showed whether they were dutiable at the regular 5 per cent rate or were subject to an additional charge of 10 per cent. In that case it was said by the writer of the opinion:

I am unable to see in what way the overconfidence of the importers as to the amount of reduction which was due them has worked any injury to the Government or has misled the collector in any way.

But the present case falls clearly within the decisions first quoted.

It may be stated that since the decision in the present case the identical question has been submitted in another case to the same board and the conclusion reached was that the protest should be overruled as not sustained by proof showing the goods dutiable under paragraph 258.

The decision is *reversed*.