UNITED STATES v. RHODIA CHEMICAL Co. (No. 2164).[1]

1. EVIDENCE—COLLECTOR'S CLASSIFICATION PRESUMPTIVELY CORRECT.
    The burden is on a protestant to show not only that the assessment of duty by the collector is wrong, but that his own claim is correct.

2. RELATIVE SPECIFICITY—"ESTERS OF ALL KINDS"—"CHEMICAL * * * COMPOUNDS."
    The provision of paragraph 29, tariff act of 1913, for "esters of all kinds" is more specific than that of paragraph 5 for "chemical * * * compounds."

3. ACETOL.
    Acetol, a fine white powder resulting from the chemical action of acetic anhydride on cellulose, is a chemical compound and belongs to that class of chemical compounds known as cellulose esters. It is not a compound of "other cellulose esters," under paragraph 25, tariff act of 1913, as held by the collector. Neither is it a "liquid solution * * * of other cellulose esters," under paragraph 25, as claimed by the protest. It is a "chemical * * * compound" under paragraph 5, as held by the Board of General Appraisers, but is more specifically provided for by the provision of paragraph 29 for "esters of all kinds." Since, however, no claim was made under paragraph 29 by the protest, the decision of the board must be reversed.

---

T. D 39315.

United States Court of Customs Appeals, November 13, 1922.

APPEAL from Board of United States General Appraisers, G. A. 8502 (T. D. 39003).

[Reversed.]

*William W. Hoppin,* Assistant Attorney General (*Charles D. Lawrence* and *Harry M. Farrell,* special attorneys, of counsel), for the United States.
*Walden & Webster (Henry J. Webster* of counsel) for appellee.

[Oral argument October 6, 1922 by Mr. Lawrence and Mr. Webster.]

Before SMITH, BARBER, and MARTIN, Associate Judges.

SMITH, Judge, delivered the opinion of the court:

Merchandise known as acetol imported at the port of New York was classified by the collector of customs as a compound of "other cellulose esters," and was assessed for duty at 25 per cent ad valorem under the provisions of paragraph 25 of the act of 1913, which paragraph in so far as pertinent to the case reads as follows:

PAR. 25. * * * compounds of pyroxylin or of other cellulose esters, whether known as celluloid or by any other name, * * * 25 per centum ad valorem.

The importer protested that the goods were not compounds of cellulose esters and claimed that the importation was dutiable at 15 per cent ad valorem under the provisions of paragraph 5, or at the same rate either under the first clause of paragraph 25 by virtue of paragraph 386 or under paragraph 385. The paragraphs or parts thereof pertinent to the issues here involved, read as follows:

5. Alkalies, alkaloids, and all chemical and medicinal compounds, preparations, mixtures and salts, and combinations thereof not specially provided for in this section, 15 per centum ad valorem.

25. Collodion and all other liquid solutions of pyroxylin, or of other cellulose esters, or of cellulose, 15 per centum ad valorem. * * *

386. That each and every imported article, not enumerated in this section, which is similar, either in material, quality, texture, or the use to which it may be applied, to any article enumerated in this section as chargeable with duty shall pay the same rate of duty which is levied on the enumerated article which it most resembles in any of the particulars before mentioned, * * *

385. That there shall be levied, collected, and paid * * * on all articles manufactured, in whole or in part, not provided for in this section, a duty of 15 per centum ad valorem.

The Board of General Appraisers found that the importation was neither "compounds of cellulose esters," dutiable under paragraph 25 as determined by the collector, nor "liquid solutions of cellulose esters," dutiable under the first clause of paragraph 25 as claimed by the importer, and held that the merchandise was a chemical compound, dutiable under paragraph 5, and therefore sustained the protest on that ground.

From the decision of the board the Government appealed, and assigns as ground for reversal that the board erred in finding that the

merchandise was a chemical compound and in not finding that it was an ester dutiable at 20 per cent ad valorem under the provisions of paragraph 29, which, in so far as material, reads as follows:

29. * * * ethers and esters of all kinds not specially provided for in this section, 20 per centum ad valorem.

It appears from the samples submitted and the undisputed evidence in the case that the commodity is a fine white powder resulting from the chemical reaction of acetic anhydride on cellulose and that it is neither a compound of cellulose esters nor a liquid solution of cellulose esters. The evidence establishes without contradiction that acetol is a chemical compound and that it belongs to the class of chemical compounds known as cellulose esters. "Cellulose esters" covers a particular class of chemical compounds and is included in the designation "chemical compounds," which embraces all chemical compounds. It is evident that the provision for "esters of all kinds," in paragraph 29, is more specific than the designation "chemical compounds" in paragraph 5. The goods are therefore more specifically provided for in paragraph 29 and consequently were dutiable under that paragraph rather than under paragraph 5, as claimed by the importer. It is true that neither the Government nor the importer contended for classification under paragraph 29. That, however, does not alter the fact that acetol is an ester not specially provided for and dutiable under a paragraph and at a rate not claimed in the protest.

In the protest the importer did not direct the mind of the collector either to the proper paragraph or to the proper rate of duty, and as the burden is on the importer to show not only that the assessment of duty by the collector is wrong, but that the importer's claim is correct, it is apparent that the protest ought not to have been sustained.—Strakosh v. United States (1 Ct. Cust. Appls. 360; T. D. 31453); Benjamin Iron & Steel Co. v. United States (2 Ct. Cust-Appls. 159; T. D. 31677); United States v. Danker & Marston (2 Ct. Cust. Appls. 462; T. D. 32208); Davies v. Arthur (96 U. S. 148, 150, 151); Herrman v. Robertson (152 U. S. 521, 524, 525, 526).

We hold that the goods are neither compounds of cellulose esters, nor liquid solutions of cellulose esters, but a class of chemical compounds known as cellulose esters dutiable under paragraph 29 at 20 per cent ad valorem as esters of all kinds not specially provided for. As no claim was made by the importer under that paragraph or at the rate imposed thereby on esters, we are of the opinion that the protest should have been overruled.

The decision of the Board of General Appraisers is *reversed*.