BEFORE THE FIRST DIVISION, MARCH 14, 1939

**No. 40816.**—Protest 933249–G of S. Lisk & Bro. (New York).

SULLIVAN, Judge: The official sample of the merchandise in question consists of a so-called monocle or single eyeglass. It does not possess any magnifying power, and does not appear to be adapted to serious use. It is composed of ordinary glass enclosed in a rim of black metal embodying a handle of the same material. It was received in evidence as Exhibit 1.

The collector of customs at the port of New York classified this merchandise as a toy or an article chiefly used for the amusement of children, and assessed duty thereon as such at 70 percent ad valorem under paragraph 1513, Tariff Act of 1930.

The protest covers a variety of merchandise and makes several claims. Plaintiffs' counsel at the trial, however, has ignored all the merchandise excepting the so-called monocles, item 10157, and stated that the claim relied on by him is "that the merchandise is properly dutiable as a manufacture of glass, at 60 percent, in chief value of glass, as a monocle, under par. 218."

The Government concedes that the merchandise is in chief value of glass.

At the trial plaintiffs' counsel offered in evidence the record in protest 905920–G, involving the same merchandise, and for the same plaintiff. The record was received in evidence.

First: Is this merchandise a toy, or an article chiefly used for the amusement of children?

At the trial of the former case, protest 905920-G, *supra* (*S. Lisk & Bro.* v. *United States*, Abstract 38613, 73 Treas. Dec. 1287), plaintiffs' witness Shevack testified that these monocles are used as follows:

This merchandise is used * * * as a joke article. So people use it when they. imitate in the home, when they sing songs in the parlor, and so forth, or they amuse the crowd. They simply take this out and put it on a monocle.

 * * * * * * *

Q. Have you observed the use of this article?—A. Yes, I have. * * * On several occasions.

Q. By whom was this article chiefly used?—A. By home—by adults. * * * I haven't seen it used by children.

This testimony was not disturbed on cross-examination, nor rebutted by the Government. It is therefore *prima facie* evidence that these monocles are not chiefly used by children for amusement, but that they are chiefly used by adults. They are therefore not classifiable as toys.

Second: Is this merchandise dutiable as claimed by .the plaintiffs?

There are several subparagraphs of paragraph 218 which carry a duty of 60 percent ad valorem. In none of them is the merchandise covered thereby termed "a manufacture of glass." It may be that the following is the subparagraph of paragraph 218 intended by the plaintiff:

(f) Table and kitchen articles and utensils, and all articles of every description not specially provided for, composed wholly or in chief value of glass, blown or partly blown in the mold or otherwise, or colored, cut, engraved, etched, frosted, gilded, ground (except such grinding as is necessary for fitting stoppers or for purposes other than ornamentation), painted, printed in any manner, sand-blasted, silvered, stained, or decorated or ornamented in any manner, whether filled or unfilled, or whether their contents be dutiable or free, 60 per centum ad valorem.

There is nothing in this record to indicate that the glass component of chief value in these monocles is blown or partly blown; nor is there any proof that such glass has been subjected to any of the other processes named in the subdivision. A mere physical examination of the sample indicates it has not. Plaintiffs have not introduced proof to bring it within their claim. A mere concession that it is in chief value of glass is not sufficient to do so.

The other provisions of paragraph 218 carrying the 60 percent rate of duty cover gauge glass tubes, glass illuminating articles, and plated or cased glassware. It is evident that these monocles are not classifiable as such.

By amendment a claim has been added to the protest that the merchandise is dutiable at 50 percent ad valorem under paragraph 230. This is probably subparagraph (d) of this paragraph providing for—

(d) All glass, and manufactures of glass, or of which glass is the component of chief value, * * * not specially provided for * * *.

If, however, this merchandise is dutiable under paragraph 218, as claimed by plaintiffs, it cannot be dutiable under this provision. Plaintiffs ignored this claim at the trial, and did not introduce any proof to bring these monocles within it. We cannot, therefore, on this record classify these monocles thereunder.

There are provisions in paragraph 225 for "spectacles, eyeglasses, and goggles" with various rates of duty according to their value. These monocles, not being toys, may be classifiable as eyeglasses. This claim, however, is not made in the protest, and if it had been we are without proof. to indicate that these monocles are classifiable thereunder.

Not only must plaintiffs prove the collector's classification erroneous, but they must establish that the merchandise is classifiable as claimed in their protest, in order to succeed in their contention. We are of opinion they have not done so in this case. (See *Strakosh* v. *United States*, 1 Ct. Cust. Appls. 360, T. D. 31453; *Benjamin Iron & Steel Co.* v. *United States*, 2 id. 159, T. D. 31677; *United States* v. *Rice*, 12 id. 78, T. D. 40020.)

The protest is overruled, without affirming the collector's classification, which appears to be erroneous. Under the circumstances, however, it must stand.

Judgment accordingly.

### CONCURRING OPINION

McClelland, Presiding Judge: While this protest purports to cover various kinds of merchandise, the proof presented on the trial was limited to articles described as monocles.

The question that first presents itself to me is whether the protest as originally drawn was in sufficiently definite form to invoke the jurisdiction of this court. It is, so far as here pertinent, in form as follows:

Protest is hereby made against your decision assessing duty at 70% under par. 1513 or other rate or rates, on tin mirrors, magnets, monocle, and sim. mdse. covered by entries named below. The reasons for objections, under the Tariff Act of 1930, are that said merchandise is not chiefly used for the amusement of children and is dutiable at the following rates: 45% under par. 397, or at 33% under par. 412, or at 35% under par. 1413, or at 40% under par. 1541, or at 25% under par. 1537, or at 30% under par. 1502, or at 25% under par. 1403, or at 40% under par. 923, according to component material of chief value, or at 60% under par. 218.

It will be observed that at least three different kinds of merchandise classified by the collector as toys are made the subject of the protest. There is no indication as to which of the nine alternative claims applies to any one of the three articles named, and examination of the paragraphs cited reveals that some of them, such as paragraph 1541, which covers musical instruments, and paragraph 1502, which covers balls, boxing gloves, etc., could have no application to any of the merchandise in issue.

Section 514 of the Tariff Act of 1930, so far as pertinent, reads as follows:

\* \* \* all decisions of the collector \* \* \* as to the rate and amount of duties chargeable, \* \* \* and his liquidation \* \* \* of any entry, \* \* \* shall, upon the expiration of sixty days after the date of such liquidation \* \* \* [or] decision \* \* \* be final and conclusive upon all persons \* \* \* unless the importer, consignee, or agent of the person paying such charge or exaction \* \* \* shall, within sixty days after, but not before such liquidation, \* \* \* [or] decision \* \* \* file a protest in writing with the collector *setting forth distinctly and specifically*, and in respect to each entry, payment, claim, decision, or refusal, the reasons for the objection thereto. \* \* \* [Italics mine.]

The question as to the validity of this protest is on all fours with that passed upon by the Court of Customs and Patent Appeals in *United States* v. *Fred. Gretsch Mfg. Co., Inc.*, 26 C. C. P. A. 267, C. A. D. 26. It was there pointed out that in the absence of a motion to dismiss the protest for failure to comply with the statute "it was the duty of the court to dismiss it sua sponte," citing *U. Fujita & Co. et al.* v. *United States*, 26 C. C. P. A. 63, T. D. 49611. The following language from the unanimous opinion of the court is particularly applicable to the case at bar:

We think that the rules laid down in the above-cited and quoted authorities require a holding here that the protest when filed was not sufficiently distinct and specific to comply with the statute. Among its several features which lack distinctness and specificity it seems to us that the outstanding faults rest in (1) the failure to point out which of the goods in the importation should have been classified under the various claimed paragraphs, and (2) in the undue and unwarranted multiplicity of claimed provisions. In addition to what we have already said with reference to the *right of a protestant to claim alternatively*, we think it proper to add that there certainly is some limit past which he cannot go in making a multiplicity of claims. While an irrelevant claim, inadvertently made, might not of itself invalidate a protest, surely it cannot be urged that a protestant has a right to claim that his goods are dutiable in all the other paragraphs of the tariff act except those under which the collector classified them.

Obviously, such a pleading would not be a compliance with the law. A pertinent inquiry might be made as to where the line is to be drawn. On this phase of the case it is sufficient to say that we are of the opinion that no hard and fast rule can be made. Each statement of facts should rest on its own bottom. If the multiplicity of claims hides the *real* claims in such a way that it has not been made clear to the collector what is in the mind of the protestant, there has been no compliance with the requirement of the law.

I am therefore decidedly of the opinion that the protest should be dismissed. However, neither of my associates concurs with me in that view. Examination of the record satisfies me that the conclusion reached by Judge Sullivan is correct if it be assumed that the protest properly invokes the jurisdiction of this court. I therefore concur in that conclusion.

#### DISSENTING OPINION

BROWN, Judge: On the record and sample this merchandise is plainly not a toy. It is conceded that it is chief value of glass. It is also clearly covered by the amendment to the protest covering manufactures of glass not otherwise provided for. To dismiss or overrule this protest we must look upon this beneficent remedy with an evil eye. See remarks of Mr. Justice Holmes in *United States* v. *Emery Bird Thayer Realty Co.*, 237 U. S. 28, at page 32, in speaking of the analogous remedy in the Court of Claims.