(C. D. 805)

Universal Carloading & Distributing Co., Inc., et al. *v.* United States

United States Customs Court, Third Division

(Decided October 9, 1943)

*Jordan & Klingaman* (*Jacob L. Klingaman* of counsel) for the plaintiffs.

*Paul P. Rao*, Assistant Attorney General (*Richard H. Welsh*, special attorney), for the defendant.

Before CLINE, KEEFE, and EKWALL, Judges

KEEFE, Judge: This action involves merchandise invoiced as wheat gluten, vacuum dried. It was assessed for duty as a nonenumerated manufactured article under paragraph 1558 of the Tariff Act of 1930. The plaintiffs claim that the commodity is free of duty under paragraph 1605, as albumen, not specially provided for. By way of amendment of all of the protests herein except 54103–K it was further claimed that the merchandise was dutiable at $1.04 per hundred pounds under paragraph 729, as "wheat flour, semolina, crushed or cracked wheat, and similar wheat products * * *."

The paragraphs of the Tariff Act of 1930 at issue herein provide as follows:

PAR. 1558. That there shall be levied, collected, and paid on the importation of all raw or unmanufactured articles not enumerated or provided for, a duty of 10 per centum ad valorem, and on all articles manufactured, in whole or in part, not specially provided for, a duty of 20 per centum ad valorem.

PAR. 1605. Albumen, not specially provided for.

PAR. 729. Wheat, 42 cents per bushel of sixty pounds; wheat, unfit for human consumption, 10 per centum ad valorem; wheat flour, semolina, crushed or cracked wheat, and similar wheat products not specially provided for, $1.04 per one hundred pounds.

At the trial it was agreed between counsel that the merchandise here is the same as that the subject of decision by our appellate court in *United States* v. *Half Moon Manufacturing Co.*, 24 C. C. P. A. 232, T. D. 48668. The record in that case was incorporated with and made a part of the record herein.

The importer testified that the commodity is live gluten, and he sells it "mostly to bakers who make dietetic breads and other dietetic specialties"; that the purchasers mix it up with wheat flour, as wheat gluten is normally too high in protein value to enable a good tasting bread to be made therefrom, and that such mixture contains 44 per centum wheat gluten, a Government standard; and that wheat gluten is about 60 to 80 per centum protein.

A chemist connected with the New York Produce Exchange analyzed the imported product for the protein content, the moisture,

and to determine whether it was a live or dead gluten, and from such analysis he was able to identify the product as powdered live wheat gluten.

The witness further testified that he was of the opinion that wheat gluten would come within the scope of Funk & Wagnalls New Standard Dictionary .(1942 ed.) definition of albumen, to wit: "The nutritive material that fills the space in a seed between the embryo and the seedcoats; endosperm or perisperm," because it is an ingredient of the wheat, outside of the actual embryo and within the endosperm of the grain. The witness defined semolina as a granular product derived from the milling of a special type of wheat durum, and stated that it is used in making alimentary paste; that it is processed directly from, and is a product of, the milling of wheat. As to crushed or cracked wheat, the witness stated that such a product is merely crushed or cracked kernels of wheat, and used for making cracked wheat breads, pumpernickel type breads, and cereal breakfast foods after having been partially processed.

The witness further testified that wheat gluten is derived from wheat flour, and there is the same difference between wheat gluten and wheat flour as there would be between a whole article and a part of an article; that wheat gluten and wheat flour are two distinct commerical products; that wheat gluten is produced from wheat flour generally by making a dough of the flour and washing out the starch contained in that dough by a mechanical device, leaving a spongy, rubberylike mass, which is the wet gluten, and to obtain the imported commodity therefrom the wet gluten is dried and powdered; that the uses of wheat flour and wheat gluten are not interchangeable except in the sense that wheat flour is added to gluten to produce baked goods.

Upon the subject of albumen, the witness further testified as follows: Both albumen and gluten are proteins, gluten being a combination of two proteins. Scientifically, both of those proteins are different from the protein contained in albumen, which is known as leucosine, a hydrolized protein. Such protein is not a direct, simple protein as contained in wheat. It is formed by a hydrolysis of wheat proteins. The protein in albumen is albumen and is water soluble, while the protein in gluten is not water soluble.

The Government produced five witnesses who had bought and sold wheat gluten at wholesale in the trade and commerce throughout the United States under the name of wheat gluten. One witness testified he purchased it under the names of gum gluten or high gluten.

The importers contend that they had established without contradiction that wheat gluten came within the definition given by the lexicographers for albumen, and therefore it should be properly classified as albumen because the common understanding of the term would

govern its classification rather than the chemical or scientific terms.

Alternatively, the importers contend that the wheat gluten in question is a product of wheat and similar to the products named in paragraph 729, as it is used in the preparation of food for human consumption in like manner as such products.

The Government contends that the decision of our appellate court in the *Half Moon* case, *supra*, is controlling of the classification of the product, because the plaintiffs have failed to establish that it is commonly known, and is bought and sold throughout the United States as albumen, while, on the other hand, the Government produced evidence to establish that the merchandise is bought and sold throughout the United States as wheat gluten and not as albumen. The Government attacks the plaintiffs' contention that the court may hold of common knowledge that wheat gluten is albumen by drawing attention to the case of *United States* v. *Kuyper*, 6 Ct. Cust. Appls. 142, T. D. 35393, holding it is not a matter of common knowledge that a cereal meal washed out of wheat flour was albumen.

The Government further contends that the provision for "similar wheat products" includes only products derived directly from wheat which contain all the properties usually found in products derived directly from wheat and as wheat gluten does not contain such properties it is not dutiable under paragraph 729. Referring to the appellate court's statement in their decision in the *Kuyper* case, *supra*, that such merchandise would be classifiable under paragraph 644, act of 1913, as "Wheat, wheat flour, semolina, and other wheat products, not specially provided for," were it not for the fact that the paragraph carried a countervailing duty provision excluding it from such classification, the Government points out that under the act of 1913, the paragraph referred to "other wheat products" while the provision here in question is "similar wheat products." In view of such change of language it is urged that the paragraph was amended in order to avoid possible conflict with all products which may be said to have some remote connection with wheat and to limit its application to products derived directly from wheat. The Government contends, therefore, that as wheat gluten is not a product derived directly from wheat, but rather from a wheat product, it is not similar to products derived directly from wheat.

A careful consideration of the evidence fails to establish that the wheat gluten herein, containing from 60 to 80 per centum protein, comes within the common or commercial meaning of albumen. True, protein is a common factor in both gluten and albumen, but the plaintiffs' own witness testified that albumen contains a soluble protein while the merchandise in question contains an insoluble protein. In *United States* v. *Kuyper*, *supra*, our appellate court held that wheat gluten was not an albumen under the evidence before it.

Here also, we are of the opinion that the evidence is insufficient to establish that claim.

As to classification under the provision in paragraph 729, *supra*, we are unable to find that gluten, made from wheat flour, is a product similar to wheat flour. It is a product derived from a wheat product and is not similar thereto in material, quality, texture or use, as it has a new name, distinctive characteristics in its material and quality, and a use not interchangeable with wheat flour. Gluten may be used for baked products in the same manner as wheat flour only when it has been mixed with wheat flour. In its imported condition it has no such use. Although, in the *Kuyper* case, *supra*, the court was of the opinion that gluten was classifiable as "other wheat products" as provided for in the correlative paragraph to paragraph 729, *supra*, in the Tariff Act of 1922, we are of the opinion that the narrower meaning of "similar" wheat products, as contained in the present tariff act, clearly excludes it.

For the reasons stated, judgment will be rendered in favor of the Government.