BEFORE THE THIRD DIVISION, APRIL 3, 1951

No. 55429.—Maggi Co., Inc. v. United States, protest 141545–K (New York).

JOHNSON, Judge: The merchandise at issue in this case was invoiced as "Milled Wheat Gluten." Duty was assessed thereon at the rate of 20 per centum ad valorem under the provisions of paragraph 1558 of the Tariff Act of 1930 as a nonenumerated manufactured article. The plaintiff claims that the commodity is free of duty under paragraph 1605, as "Albumen, not specially provided for," or, if dutiable, it is dutiable at the rate of $1.04 per 100 pounds under paragraph 729, as "wheat flour, semolina, crushed or cracked wheat, and similar wheat products not specially provided for."

At the trial counsel for the plaintiff abandoned the claim for free entry under paragraph 1605, relying solely upon the claim that the merchandise is properly dutiable as a similar wheat product. No evidence was introduced by either party but counsel entered into the following agreed statement of facts:

1: That the merchandise the subject of the protest herein and described on the invoice as milled wheat gluten is in fact wheat gluten.

2: That the said wheat gluten, was produced from wheat flour by making a dough out of the flour and washing out the starch content with water by mechanical device, leaving only the gluten content, which was then vacuum-dried and powdered.

3: That the said wheat gluten is used as an ingredient in food products for human consumption, including bread and other baked articles for use by diabetics; and that in the preparation of bread and other baked articles it is mixed with wheat flour.

4: That the said wheat gluten is in all material respects the same as the merchandise the subject of the United States vs. Kuyper, 6 Court of Customs Appeals, 142, T. D. 35393; United States vs. Half Moon Manufacturing & Trading Co., 24 Court of Customs & Patent Appeals, 232, T. D. 48668; and Universal Carloading & Distributing Co., Inc., et al. vs. United States, 11 Customs Court, 108, C. D. 805.

It is further stipulated and agreed that the protest may be submitted, and that the counsel for plaintiff may have 30 days after transcription of the record in which to file a brief, and the defendant may have 30 days thereafter for its brief.

In *United States* v. *Kuyper*, 6 Ct. Cust. Appls. 142, T. D. 35393, the claim was made that the gluten there in question was free of duty under paragraph 644 of the Tariff Act of 1913 as "other wheat products, not specially provided for," and the appellate court, upon appeal by the Government, stated that "While if it was not for the proviso [relating to countervailing duty] the merchandise would be classifiable under paragraph 644, as held by the board." That case is not in point here for the reason that the wheat paragraph there provided for "other wheat products" while in the case before us the wheat paragraph provides for *similar* wheat products to wheat flour, semolina, and crushed or cracked wheat. In *Universal Carloading & Distributing Co., Inc.* v. *United States*, 11 Cust. Ct. 108, C. D. 805, this court had before it the identical question here arising. In overruling the claim under paragraph 729, Tariff Act of 1930, the court stated:

As to classification under the provision in paragraph 729, *supra*, we are unable to find that gluten, made from wheat flour, is a product similar to wheat flour. It is a product derived from a wheat product and is not similar thereto in material, quality, texture or use, as it has a new name, distinctive characteristics in its material and quality, and a use not interchangeable with wheat flour. Gluten may be used for baked products in the same manner as wheat flour only when it has been mixed with wheat flour. In its imported condition it has no such use. Although, in the *Kuyper* case, *supra*, the court was of the opinion that gluten was classifiable as "other wheat products" [paragraph 644, Tariff Act of 1913] as

provided·for in the correlative paragraph to paragraph 729, *supra*, \* \* \* we are of the opinion that the narrower meaning of "similar" wheat products, as contained in the present tariff act, clearly excludes it.

We have examined with care the thorough and well-considered brief of counsel for the plaintiff as well as the opposing brief of Government counsel but are constrained to adhere to the view expressed in the foregoing case that a product derived from a wheat product may not be considered as similar to a wheat product, particularly in view of the distinctive characteristics of wheat gluten which are entirely dissimilar to wheat flour, semolina, or crushed or cracked wheat. Following this court's decision in *Universal Carloading & Distributing Co., Inc.* v. *United States, supra,* judgment will be entered in favor of the Government holding that the merchandise was properly assessed for duty by the collector as a nonenumerated manufactured article.