MAGGI CO., INC. *v.* UNITED STATES (No. 4685)[1]

---

[1] C. A. D. 473.

118 

United States Court of Customs and Patent Appeals, November 7, 1951

*Jordan & Klingaman* (*Edward F. Jordan* of counsel) for appellant.

*David N. Edelstein,* Assistant Attorney General (*Alfred A. Taylor, Jr.,* and *Joseph F. Donohue,* special attorneys, of counsel), for the United States.

Before GARETT, Chief Judge, and JACKSON, O'CONNELL, JOHNSON, and WORLEY, Associate Judges

JACKSON, Judge, delivered the opinion of the court:

This appeal was taken from a judgment of the United States Customs Court, Third Division, pursuant to its decision, Abstract 55429, overruling a protest by appellant.

The imported merchandise was invoiced as "milled wheat gluten." The Collector of Customs at the port of New York assessed duty thereon at the rate of 20 per centum ad valorem pursuant to the provisions of paragraph 1558 of the Tariff Act of 1930 as a nonenumerated manufactured article. In the protest it was claimed that the goods are free of duty under paragraph 1605 as "Albumen, not specially provided for" and, alternatively, that if they are dutiable, the proper rate is $1.04 per 100 pounds within the purview of paragraph 729 as "wheat flour, semolina, crushed or cracked wheat, and similar wheat products not specially provided for." The involved paragraphs read as follows:

Par. 1558. That there shall be levied, collected, and paid on the importation of all raw or unmanufactured articles not enumerated or provided for, a duty of 10 per centum ad valorem, and on all articles manufactured, in whole or in part, not specially provided for, a duty of 20 per centum ad valorem.

Par. 729. Wheat, 42 cents per bushel of sixty pounds; wheat, unfit for human

consumption, 10 per centum ad valorem; wheat flour, semolina, crushed or cracked wheat, and similar wheat products not specially provided for, $1.04 per one hundred pounds.

The claim for free entry, above noted, was abandoned at the trial, counsel for appellant relying entirely on the alternative claim.

The factual record is contained in an agreed statement of facts reading as follows:

1: That the merchandise the subject of the protest herein and described on the invoice as milled wheat gluten is in fact wheat gluten.

2: That the said wheat gluten was produced from wheat flour by making a dough out of the flour and washing out the starch content with water by mechanical device, leaving only the gluten content, which was then vacuum-dried and powdered.

3: That the said wheat gluten is used as an ingredient in food products for human consumption, including bread and other baked articles for use by diabetics; and that in the preparation of bread and other baked articles it is mixed with wheat flour.

4: That the said wheat gluten is in all material respects the same as the merchandise the subject of the United States vs. Kuyper, 6 Court of Customs Appeals, 142, T. D. 35393; United States vs. Half Moon Manufacturing & Trading Co., 24 Court of Customs & Patent Appeals, 232, T. D. 48668; and Universal Carloading & Distributing Co., Inc., et al. vs. United States, 11 Customs Court, 108, C. D. 805.

The issue in the case of *United States* v. *Kuyper & Co.*, 6 Ct. Cust. Appls. 142, T. D. 35393, arose during the life of the tariff act of 1913. The merchandise was described in the invoice as "vegetable albumen." It was assessed at the rate of 15 per centum ad valorem as a nonenumerated manufactured article, pursuant to paragraph 385 of that act. It was claimed to be free of duty under paragraph 392 as "Albumen, not specially provided for," and also under paragraph 644 as one of the "other products of wheat, not specially provided for." The Board of General Appraisers (now the United States Customs Court) held the merchandise to be dutiable under paragraph 644 of the act, which reads as follows:

644. Wheat, wheat flour, semolina, and other wheat products, not specially provided for in this section: Provided, That wheat shall be subject to a duty of 10 cents per bushel, that wheat flour shall be subject to a duty of 45 cents per barrel of 196 pounds, and semolina and other products of wheat, not specially provided for in this section, 10 per centum ad valorem, when imported directly or indirectly from a country, dependency, or other subdivision of government which imposes a duty on wheat or wheat flour or semolina imported from the United States.

The judgment was reversed by this court which held that the protest was fatally defective for the reason that no proper claim was made under paragraph 644. It is to be noted that the proviso in that paragraph making dutiable the imported merchandise applied only to importations from countries which imposed a duty on wheat or wheat flour imported from the United States.

It was observed in the decision of this court that if it had not been for the proviso, the merchandise would have been properly classifiable under paragraph 644, as was held by the board. Counsel for the importer, on appeal, conceded that the merchandise was imported from Germany and that under the laws of that nation a duty was imposed on wheat, wheat flour, semolina, or other wheat products imported from the United States. The protest did not claim the imported merchandise to be dutiable. Therefore, this court reversed the judgment of the board, holding that the protest was insufficient to warrant a decision as to the proper rate of duty under paragraph 644 and that the importer's concession that the goods are dutiable could not cure such defect.

The case of *United States* v. *Half Moon Manufacturing & Trading Co.*, 24 C. C. P. A. (Customs) 232, T. D. 48668, arose under the present tariff act. There, the imported merchandise was denominated "vegetable albumen." The collector assessed duty on the merchandise as being within the scope of paragraph 1558, as did the collector in the instant case. It was claimed in the protest that the importation was properly dutiable under paragraph 1555, as "waste, not specially provided for, 10 per centum ad valorem." In a thorough and well-reasoned opinion of this court delivered by the late Judge Hatfield, it was stated that the imported merchandise was obviously dutiable as a nonenumerated manufactured article, and, accordingly, the judgment of the trial court holding that the merchandise was dutiable as waste was reversed.

The case of *Universal Carloading & Distributing Co., Inc., et al.* v. *United States*, 11 Cust. Ct. 108, C. D. 805, involved merchandise invoiced as "wheat gluten, vacuum-dried." It was assessed for duty as a nonenumerated article under paragraph 1558 of the present act. It was claimed to be free of duty under paragraph 1605 of the act as "Albumen, not specially provided for." It was also claimed that the goods were dutiable at $1.04 per 100 pounds under paragraph 729 as "wheat flour, semolina, crushed or cracked wheat, and similar wheat products * * *." The court overruled the protest in all respects and stated in its decision that it was of opinion that although the court in the *Kuyper* case, *supra*, held that gluten might have been properly classifiable under the pertinent provisions hereinbefore referred to as one of the "other wheat products," since in the tariff acts of 1922 and 1930 the words "other wheat products" were replaced with the expression "similar wheat products," such change in language clearly excluded the merchandise from the purview of paragraph 729. The judgment in that case was not appealed.

The trial court in the instant case was of opinion that the *Kuyper* case, *supra*, was not pertinent because the wheat paragraph in the

tariff act of 1913 provided for "other wheat products," while in the present case, the wheat paragraph provides for "similar wheat products." The court cited the *Universal Carloading* case, *supra*, as controlling of its decision in this case and entered its judgment accordingly.

The trial court herein was of opinion that wheat gluten, which is produced from a wheat product, may not in a tariff sense be considered as similar to a wheat product. That opinion was based upon the distinctive characteristics of wheat gluten, which are entirely dissimilar to any of the wheat articles named in paragraph 729.

It is contended by counsel for appellant that the involved merchandise is similar to the wheat products named in paragraph 729, and that if not directly dutiable thereunder, it is so dutiable by reason of the similitude paragraph 1559, reading as follows:

Par. 1559. That each and every imported article, not enumerated in this Act, which is similar, either in material, quality, texture, or the use to which it may be applied to any article enumerated in this Act as chargeable with duty, shall be subject to the same rate of duty which is levied on the enumerated article which it most resembles in any of the particulars before mentioned; * * *.

Counsel further contend that the legislative and judicial history of paragraph 729 clearly discloses a Congressional intent that merchandise such as is here present is properly classifiable as "similar wheat products."

Counsel for the Government assert that the imported merchandise is not described nor provided for in paragraph 729 as a wheat product, either directly or by similitude.

In our opinion, the judgment appealed from should not be disturbed.

Harvested wheat is in the form of grain, and "wheat" as it appears in paragraph 729 obviously means grains of wheat. The other *eo nomine* mentioned articles in that paragraph, namely, wheat flour, semolina, and cracked wheat are not grains, but are directly produced and manufactured from the wheat grains. In that paragraph provision is made for different kinds of wheat and wheat products at different rates of duty. Wheat unfit for human consumption carries a lower rate than wheat fit for human consumption. The products directly made from the wheat grains are likewise provided for at specified rates of duty.

We cannot agree with appellant's contention that the imported merchandise is similar to the exemplars named in paragraph 729. The agreed statement of facts discloses that wheat gluten is not derived from wheat, but from dough which is made from wheat flour.

In our opinion, paragraph 729 sets out wheat and wheat flour as two distinct articles in a tariff sense, bearing different rates of duty and, because the imported merchandise is a wheat flour-dough prod-

uct, it appears to us that it is not similar to the wheat products named in the paragraph which are directly derived from wheat grains.

While it is stated in the brief of counsel for the government that the process by which flour is produced from wheat may not come within the purview of judicial knowledge, we feel that we may take judicial notice of the fact that generally wheat grains are ground in a mill, the bran and hulls are separated from the crushed grains, and the resulting product is flour. Clearly, wheat flour and the imported merchandise are not produced in the same fashion.

From the record it is apparent that gluten is not a substitute for flour. In fact, it appears that it is merely an ingredient in the making of bread and other baked articles eaten by diabetics and, in the preparation of those articles, it is mixed with wheat flour. Furthermore, the involved goods obviously are not similar in material, quality, texture, or use to any of the articles enumerated in paragraph 729.

In the *Half Moon* case, *supra*, although the only issue was whether or not the involved merchandise was waste as claimed by the importer, it was said in the decision that the merchandise there was a derivative by-product of starch, and therefore a nonenumerated manufactured article. We find no reason to hold that the imported merchandise here is anything but a nonenumerated manufactured article.

With respect to the contention by counsel for appellant that the legislative and judicial history of the act sustains its contention that "other wheat products" were intended by Congress to have the same meaning as "similar wheat products," it seems to us that the Summary of Tariff Information of 1921, relied upon by counsel for appellant, discloses that Congress intended to be specific with respect to the wheat products which were included in paragraph 729 so as to prevent confusion between the wheat and wheat products therein named and other wheat products elsewhere provided for. We find no indication that Congress intended to include wheat gluten in the phrase "similar wheat products." If it had so intended, it would have been a very simple matter to have so written the statute.

Counsel for appellant contend that it would be absurd to exclude wheat gluten from paragraph 729, but we agree with counsel for the government that the absurdity would be more likely in including wheat gluten within the paragraph merely on the assumption that it is a wheat product, when there is nothing in the record to that effect. The merchandise was held by this court in the *Half Moon* case, *supra*, to be a nonenumerated manufactured article, and we can see no reason here to hold it is anything else.

For the reasons hereinbefore set out, the decision of the United States Customs Court is *affirmed*.