FIELD & CO. *v.* UNITED STATES (No. 2730)[1]

CHRISTMAS TREES IN CHIEF VALUE OF FEATHER FLUES—PARTS OF FEATHERS.
   Artificial pine Christmas trees, the trunks of wood, the limbs of wire, and the foliage of dyed feather flues, in small flower pots, were correctly classified as manufactures in chief value of feathers, under paragraph 1419, Tariff Act of 1922, notwithstanding that the chief value is parts of feathers and not whole feathers.

United States Court of Customs Appeals, May 29, 1926

APPEAL from Board of United States General Appraisers, Abstract 50748

[Affirmed.]

*James W. Bevans* for appellants.
*Charles D. Lawrence*, Assistant Attorney General (*Jerome G. Clifford* and *Peter A. Abeles*, special attorneys, of counsel), for the United States.

[Oral argument May 14, 1926, by Mr. Bevans and Mr. Clifford]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

BARBER, Judge, delivered the opinion of the court:

This case involves the classification of miniature Christmas trees made in crude imitation of pine trees which have the appearance of growing out of a small flower pot. They were classified and assessed at 60 per centum ad valorem under paragraph 1419 of the Tariff Act of 1922 as in chief value of ornamental feathers.

Importer contends for classification and assessment as an unenumerated manufactured article at 20 per centum ad valorem, under paragraph 1459 of the act. Other claims were made in the protest but not urged here.

The material part of paragraph 1419 reads as follows:

PAR. 1419. Feathers and downs, on the skin or otherwise, crude or not dressed, colored, or otherwise advanced or manufactured in any manner, not specially provided for, 20 per centum ad valorem; dressed, colored, or otherwise advanced or manufactured in any manner, including quilts of down and other manufactures of down; artificial or ornamental feathers suitable for use as millinery ornaments, artificial or ornamental fruits, vegetables, grains, leaves, flowers, and stems or parts thereof, of whatever material composed, not specially provided for, 60 per centum ad valorem; natural leaves, plants, shrubs, herbs, trees, and parts thereof, chemically treated, colored, dyed or painted, not specially provided for, 60 per centum ad valorem; boas, boutonnieres, wreaths, and all

---

[1] T. D. 41701.

articles not specially provided for, composed wholly or in chief value of any of the feathers, leaves, or other material herein mentioned, 60 per centum ad valorem.

The evidence shows that the trunks of the imported trees are made of wood. A witness for importer testified that the limbs were manufactured from feathers taken from the wings of geese. It is apparent from his testimony that the epidermal or skinny covering carrying the barbs or flues is stripped or pulled off from the quills. The witness described it as "on the order of skinning an animal, as nearly as I can explain it." This epidermal covering still carrying the barbs or flues is pliable and is twisted around pieces of flexible wire. These pieces are then fastened to the wooden trunk of the tree in such a manner that they extend therefrom in a way that simulates the limbs, the flues or barbs representing the needles of the pine. At some stage in the operation the integument is dipped in a solution that renders the barbs or flues noncombustible. They are also colored green. The component material of chief value of the trees is these parts of feathers.

The Board of General Appraisers overruled the protest.

The contention of importer is stated in its brief as follows:

It is the contention of the appellant that, only portions of feathers having been used in the manufacture of the imported trees, said trees can not properly be held to be articles manufactured of ornamental feathers under paragraph 1419, for the reason that the term "feather" as used in that paragraph must be limited to the whole feather and can not be properly extended to cover portions of feathers which in themselves are no longer feathers.

The claim reduces to the proposition that these trees can not be classified under paragraph 1419 as composed wholly or in chief value of feathers unless whole feathers constitute the component of chief value.

This proposition is somewhat novel and is said to have been inspired by the language of this court in *United States* v. *Massce & Co.*, 9 Ct. Cust. Appls. 256, wherein we pointed out that parts of feathers, instead of whole ones, were under consideration but, inasmuch as we said in that connection that such fact would probably not affect the tariff classification of the merchandise, as composed of feathers, it is a little difficult to see how that case supports the claim here.

It is unnecessary to indulge in any lengthy discussion of the issue before us. Paragraph 1419 provides for feathers in various conditions, on the skin or otherwise, crude or not dressed, dressed, colored, or otherwise advanced or manufactured in any manner, for ornamental feathers, and for all articles not specially provided for, composed wholly or in chief value of *any* of the feathers or *other material* mentioned in the paragraph.

We think this provision covers the parts of feathers in this case and that the paragraph does not require that such articles as these trees must be made or composed in chief value of *whole* feathers in order to come within its provisions. It clearly contemplates that an article, not specially provided for, made of feathers *advanced* or *manufactured*, may be classifiable thereunder. It is obvious that in the advancement or manufacture of a feather it may be deprived of some of its parts, as the feathers here have been deprived of their quills.

We are of opinion that the trees here are composed in chief value of feathers which have been advanced or manufactured. They are, therefore, composed of some of the feathers mentioned in the paragraph.

This conclusion is not only justified by the language of paragraph 1419 but is supported by paragraph 1439 of the act which provides, among other things, for manufactures of quills. This clearly indicates that although quills are parts of feathers yet for tariff purposes they have an entity of their own, from which it follows that the integument carrying the barbs or flues, when separated from the quills, also has a like entity.

It was held in *United States* v. *Kresge*, 12 Ct. Cust. Appls. 34, that trees, apparently much like these here, were classifiable under paragraph 347 of the act of 1913, which, in legal effect, for the purposes of this case, is like paragraph 1419, although the precise issue here was not considered there.

The contention of importer, reduced to its shortest terms is, that a thing can not be said to be manufactured from a named article unless the *whole* of such article is found therein.

We are aware of no such general rule. Its adoption would relegate to the provision for nonenumerated manufactured articles a great variety of importations never heretofore, so far as we know, classified or claimed to be classifiable thereunder.

Paragraph 1447 provides for sponges and manufactures thereof; 1438 has a like provision for bladders; 1439 for weeds; and 1442 a similar one for eel grass, etc.

Could it be successfully contended that to constitute a manufacture of these named products only whole articles of those named must be found therein? We think not, and hold that the assessment of the collector was correct.

The judgment of the Board of General Appraisers (now the United States Customs Court) is *affirmed.*