No. 58565.—Decorative Plant Corp. *v.* United States, protest 194109–K (New York).

WILSON, Judge: The merchandise in the case at bar, described on the invoice herein as "Feather sprays for wreaths," was classified under paragraph 1518 of the Tariff Act of 1930, as modified by the supplement to the General Agreement on Tariffs and Trade, T. D. 51898, at the rate of 45 per centum ad valorem under the provision therein for "Artificial * * * stems. * * *," in chief value of materials other than "yarns, threads, filaments, tinsel wire, lame, bullions, metal threads, beads, bugles, spangles, or rayon or other synthetic textile." Plaintiff claims the merchandise properly dutiable under the provision in said paragraph 1518, as amended by the General Agreement on Tariffs and Trade, T. D. 51802, for "Boas, boutonnieres, wreaths, and all articles not specially provided for, composed wholly or in chief value of any of the feathers respecting which a rate of duty is specified in paragraph 1518, Tariff Act of 1930," at the rate of 20 per centum ad valorem.

There was introduced in evidence a sample representative of the imported merchandise (plaintiff's exhibit 1). It was agreed between counsel for the respective parties that the merchandise in question is in chief value of feathers (R. 3).

The issue in the present case is stated by counsel for the plaintiff as follows:

* * * We claim that it is not an artificial stem but a planting spray in chief value of feathers and therefore classifiable under Par. 1518 under the provision "and all articles not specially provided for composed wholly or in chief value of any of the feathers respecting which a rate of duty is provided for in Par. 1518."

Specifically, the question here for determination is whether or not the imported merchandise falls within the common meaning of the term artificial "stems."

The common meaning of a term is a matter of law to be determined by the court, and the testimony of witnesses is advisory only. In making this determination, the court may rely upon its own understanding and may consult dictionaries, lexicons, and other written authorities. *United States* v. *John B. Stetson Co.*, 21 C. C. P. A. (Customs) 3, T. D. 46319; *United States* v. *O. Brager-Larsen*, 36 C. C. P. A. (Customs) 1, C. A. D. 388; *American Express Company* v. *United States*, 39 C. C. P. A. (Customs) 8, C. A. D. 456.

The only witness called was the treasurer of the importing company, who stated that he had personally ordered the goods in question and that he had been buying merchandise of that kind for the last 40 years, and had also sold and used such goods. Based upon his experience, he described the imported merchandise, represented by plaintiff's exhibit 1, as a "spray" (R. 8). The witness testified, however, that he had never purchased artificial stems, and that "There is no such thing."

On cross-examination, plaintiff's witness admitted he knew what artificial stems are, but again stated that he had never bought any.

Funk & Wagnalls New Standard Dictionary of the English Language, 1942 edition, page 2376, defines a "stem" as follows:

stem, * * * **2.** The relatively slender growth that supports the fruit, flower, or leaf of a plant and attaches it to the main stalk or to a branch or twig; a peduncle, pedicel or petiole; a fruit-, flower-, or leaf-stalk.

The same authority, at page 1822, gives the following definition of "peduncle":

**peduncle,** *n.* **1.** *Bot.* The general stalk or support to an inflorescence, whether limited to a solitary flower or bearing a cluster.

The Encyclopedia Americana, 1953 edition, volume 25, page 614, defines "stem" as follows:

STEM, the main axis of a plant. Stems usually bear foliar organs, such as leaves, * * *.

*  *  *  *  *  *  *

Botanists favor a classification which deals with the character of foliar organs borne, thus: (1) leaf-bearing stems, generally most evident since they bear leaves, and consequently aerial and frequently branched; (2) flower-bearing stems; and (3) scale-bearing stems, * * *.

The Encyclopaedia Britannica, 1947 edition, volume 21, page 379, discusses the term in these words:

STEM, in popular language the stalk of a plant or trunk of a tree. In botany a stem may be defined as an axis bearing leaves. The stem with its leaves is known as the shoot. * * *

Collier's Encyclopedia, 1953 edition, volume 16, page 90, under the heading "PLANT ANATOMY," defines "stem" as follows:

*Stem.* The stem is that part of the plant axis bearing leaves and reproductive organs. * * *

A Dictionary of Flowering Plants and Ferns by J. C. Willis, 6th edition, page 623, explains a "stem" as follows:

**Stem,** the leaf-bearing part of the pl.; stem and leaf should always be described together for the sake of accuracy and conciseness. * * *

Van Nostrand's Scientific Encyclopedia, 2d edition, 1947, page 1388, discusses a "stem" in this language:

STEM. The stem of a plant is that part which bears the leaves and flowers and later fruits. Commonly it grows erect, lifting these various organs up above the ground. * * *

*  *  *  *  *  *  *

As previously noted, one of the functions of the stem is to elevate the leaves into a position where they may function most efficiently and the flowers to a position where they may become more conspicuous and where the resulting fruits may be better scattered. Not only does the stem perform this function, but it also permits a great increase in the number of leaves and flowers which may be borne.

In none of the encyclopedias quoted is the word "spray" discussed. Neither is it mentioned in "A Dictionary of Flowering Plants and Ferns," or in "Van Nostrand's Scientific Encyclopedia," referred to above. For a definition of "spray," one must turn to a dictionary. Funk & Wagnalls New Standard Dictionary of the English Language, page 2351, defines a "spray" as follows:

**spray,** *n.* **1.** A small branch or *stem* [italics ours] of a tree or plant, especially as bearing dependent branchlets or flowers; also, all the small branches of a tree or plant, collectively; as, a beautiful *spray* of apple blossoms. * * * **2.** Any ornament, pattern, or decorative design resembling a collection of twigs or flowers; as, a *spray* of diamonds; * * *. [Italics quoted.]

It would thus appear that in some particulars the words "spray" and "stem" are synonymous. It is fundamental in customs law, however, that when the classification of the collector is challenged, the dual burden of proving that such classification is incorrect and that its own claimed classification is correct, rests upon the importer. *Yardley & Co., Ltd., et al.* v. *United States,* 41 C. C. P. A. (Customs) 85, C. A. D. 533; *United States* v. *Gardel Industries,* 33 C. C. P. A. (Customs) 118, C. A. D. 325. The plaintiff in the present case, in our opinion, has failed to prove that the goods here imported are not artificial "stems," as classified. The fact that plaintiff's witness called the representative sample a "spray," does not establish that it is such within the common acceptation. Furthermore, if the theory of the plaintiff's witness that "There is no such thing" as

an artificial stem were adopted, then the provision in the pertinent paragraph for such articles at the applicable rates of duty dependent upon the component material of chief value would be meaningless, which is, of course, at variance with the congressional intent to enact purposeful legislation.

Samples are potent witnesses. *United States* v. *Bernard, Judae & Co.*, 18 C. C. P. A. (Customs) 68, T. D. 44029; *United States* v. *The Halle Bros. Co.*, 20 C. C. P. A. (Customs) 219, T. D. 45995; *United States* v. *Fred. Gretsch Mfg. Co., Inc.*, 28 C. C. P. A. (Customs) 26, C. A. D. 120. An examination of the sample before us (plaintiff's exhibit 1) indicates that it simulates in a manner a small pine tree with a trunk extending below the branches. Whether the merchandise be considered as an artificial small tree or as an artificial branch from a tree, it falls, in our opinion, within the common meaning of the term artificial "stem," under the definitions heretofore quoted.

On the basis of the record presented, we find that the merchandise in question is properly dutiable within the provisions of paragraph 1518 of the Tariff Act of 1930, as modified by the supplement to the General Agreement on Tariffs and Trade, T. D. 51898, for "Artificial * * * stems * * *," in chief value of materials other than "yarns, threads, filaments, tinsel wire, lame, bullions, metal threads, beads, bugles, spangles, or rayon or other synthetic textile," at the rate of 45 per centum ad valorem, as classified. The protest is, therefore, overruled. Judgment will be rendered accordingly.