**No. 68142.**—The May Dept. Stores Co., Los Angeles, and H. H. Elder *v.* United States, protest 61/8949 (Los Angeles).

WILSON, Judge: The imported merchandise covered by this protest is described on the invoice as "artificial x-mas trees, CHIEF VALUE: Goose feathers." The collector classified the importation under paragraph 1518 of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, T.D. 51802, supplemented by T.D. 51898, at the rate of 45 per centum ad valorem as artificial or ornamental fruits, vegetables, grasses, grains, leaves, flowers, stems, or parts thereof, wholly or in chief value of other materials than yarns, threads, filaments, tinsel wire, lame, bullions, or other synthetic textiles, not specially provided for.

The plaintiffs contend that the merchandise consists of artificial trees, which are more than stems, and that said importation falls within the provisions of paragraph 1518 of the Tariff Act of 1930, as modified by the Sixth Protocol to the General Agreement on Tariffs and Trade, T.D. 54108, for articles, not specially provided for, in chief value of feathers, dutiable at 17 per centum ad valorem.

The statutes involved, as modified by the trade agreements, read as follows:

Paragraph 1518 of the Tariff Act of 1930, as modified by T.D. 51802 and T.D. 51898:

Artificial or ornamental fruits, vegetables, grasses, grains, leaves, flowers, stems, or parts thereof; and boas, boutonnieres, wreaths, and all articles not specially provided for, composed wholly or in chief value of any of the foregoing:

*    *    *    *    *    *    *

When composed wholly or in chief value of other materials and not specially provided for:

*    *    *    *    *    *    *

Other _____ 45% ad val.

Paragraph 1518 of the Tariff Act of 1930, as modified by T.D. 54108:

Boas, boutonnieres, wreaths, and all articles not specially provided for:
.Composed wholly or in chief value of any of the feathers mentioned in the duty provisions of paragraph 1518, Tariff Act of 1930__ 17% ad val.

The only evidence in the case consists of the oral testimony of Mrs. Rose Sweany, a buyer for the importer in this case. This witness stated that she was employed in the gift merchandise department of the importer's store and was familiar with merchandise of the type here involved. The witness testified that plaintiffs' exhibit 1 was ordered by her for the store as an artificial Christmas tree and was also sold under that designation. Under cross-examination, Mrs. Sweany admitted that she had no knowledge of or familiarity with the word "stem," as applied to trees.

Plaintiffs' exhibit 1 in form simulates a small, frosted tree. It is made up of numerous stems attached to a wooden core or trunk. These stems, it is conceded, are in chief value of feathers, as is the whole exhibit. Obviously, detached from the wooden core, the merchandise would consist of a group of stems composed of wire cores with feather barbs attached.

The plaintiffs claim that the merchandise under consideration is "in all material respects" the same as "the artificial Christmas trees in chief value of feathers involved in the cases of United States v. Kresge Co., 12 Ct. Cust. Appls. 34, T.D. 33915, decided under the Act of 1913; and Field & Co. v. United States, 14 Ct. Cust. Appls. 191, T.D. 41701, decided under the Act of 1922." However, the court is of the opinion that the plaintiffs have failed to produce evidence in this case that would make the cited cases applicable. Nor does the plaintiffs' argument convince the court that the law of these cases is in any way controlling.

As has been pointed out in numerous cases decided by this court and the court of appeals, a double burden rests upon the plaintiff who attacks the collector's classification. He first must show wherein the classification is wrong and, subsequently, establish by competent evidence what the correct classification should be. In the opinion of the court, the plaintiffs in this case have not discharged their burden. The court is of the opinion that the case of Decorative Plant Corp. v. United States, 33 Cust. Ct. 451, Abstract 58565, is controlling herein for the reasons set forth in said case.

The protest is, therefore, overruled and judgment will be rendered accordingly.